427 So.2d 251 (1983)
IN the INTEREST OF J.R.T., a Child.
Penny THOMPSON, Edward Russell Divins and Murielle Collins Divins, His Wife, Appellants,
v.
STATE of Florida, Appellee.
No. 81-1434.
District Court of Appeal of Florida, Fifth District.
February 16, 1983.
*252 James H. Harrison, Orlando, for appellant.
Douglas E. Whitney, Dist. Counsel, Dept. of Health and Rehabilitative Services, Orlando, for appellee.
Jim Smith, Atty. Gen. and Eric J. Taylor, Asst. Atty. Gen., Tallahassee, for State of Fla., amicus curiae.
WELBORN C. DANIEL, Associate Judge.
This is an appeal from a lower court order in a proceeding adjudicating the child, J.R.T., a dependent and placing him in the custody of the Department of Health and Rehabilitative Services (H.R.S.). In the order of disposition from which this appeal arises, the trial court ordered that a petition for severance of parental rights be filed, that J.R.T. not be placed permanently in certain counties, and that there be no visitation with J.R.T. by any family member. Except for the provision restricting the location of permanent placement, we affirm the order.
The briefs filed by appellant, the natural mother, and appellee, H.R.S., both mistakenly assert the trial judge ordered that parental rights over the child be "permanently severed." This court finds no basis for such assertion in the record. To the contrary, as pointed out in the brief of the Amicus Curiae (State of Florida, Department of Legal Affairs), the trial judge ordered a petition for severance to be filed, thereby starting the clock on the notice provisions required by section 39.41, Florida Statutes (1981).
We are also asked to rule on whether the uncle and aunt of J.R.T., who filed a petition for adoption of the minor child, have standing to appeal the ruling of the lower court. We hold that no such standing on the part of the uncle and aunt exists.
The trial court adjudicated J.R.T., age twenty (20) months, dependent and placed him in the custody of H.R.S. There was ample evidence before the court of child abuse and neglect. At a later disposition hearing the trial judge indicated the child may not be safe if he were returned to the family grouping. The trial judge further expressed concern that J.R.T.'s family did not protect him from abuse and that they knew the court's previous order, that the mother's boyfriend not go near the child, was being violated.
In its order of disposition following the hearing, the court continued to adjudicate J.R.T. dependent and continued his placement with H.R.S. The order also stated:
A Petition for Severance of Parental Rights to be filed WITHIN [sic] 60 days of this order. There shall be no permanent placement to be in ORANGE, POLK [sic] and/or Seminole County. There shall be NO visitation with any family member.
Of the several matters argued on appeal, we find merit only in the question whether the trial court properly directed that a petition for severance be filed. In reviewing Chapters 39 and 409, Florida Statutes (1981), it does not appear that any particular entity is vested with sole authority to file petitions for severance. Appellate counsel for H.R.S. admitted at oral argument that the trial court could have conducted *253 termination proceedings on its own authority. A trial court has continuing jurisdiction under section 39.40(2), Florida Statutes (1981), over a child adjudicated dependent. Inherent in this statutory grant of jurisdiction is the trial court's authority to order that which is necessary to protect the welfare of the minor child.
Appellant and appellee argue that only H.R.S. or a licensed child placement agency has the authority to institute proceedings for the termination of parental rights. Appellant argued that it is and should be upon the initiative of H.R.S. and not the court to file the petition. Appellee asserted that such proceedings must be commenced with the petition which necessarily must be filed by H.R.S. or a licensed child placement agency.
Section 39.40, et seq., Florida Statutes (1981), governs child dependency proceedings, including termination of parental rights. Section 39.404 defines the petition for dependency and states that a petition for dependency shall be initiated by a state attorney, H.R.S., or "any other person who has knowledge of the facts alleged or is informed of them and believes that they are true." § 39.404(1), Fla. Stat. (1981). This provision contradicts the position taken by both the appellant and appellee in their briefs.
Section 39.41(3) is a notice requirement providing due process to the several persons designated therein as interested parties so that they might be aware of, and participate in, the proceedings. To hold that H.R.S. alone could initiate termination proceedings would be to permit the agency to restrict and frustrate the inherent and statutory authority of the court to protect the welfare of minor children.
The trial judge entered an order continuing the adjudication of dependency and the child's temporary custody with H.R.S. and directing that "a Petition for Severance of Parental Rights [is] to be filed WITHIN 60 days of this order." The court itself had the authority to file the petition sua sponte. In keeping with tradition and custom, the judge was apparently requesting the attorney of one of the parties before him to file the petition. The record reveals that H.R.S. recommended in its pre-disposition report that the adoption of the minor child by the aunt and uncle would be the proper placement. Such adoption could take place only upon the termination of parental rights of the natural mother. At oral argument H.R.S. expressed its reluctance to file the petition as directed by the trial court because the Florida Rules of Juvenile Procedure mandate that such pleading be verified. These positions are difficult to reconcile. This court recognizes that an agency can decline to act, even out of courtesy; but such inaction does not preclude the trial court from proceeding with the notice requirements of section 39.41(3)(a), Florida Statutes, conducting a hearing pursuant thereto, and entering an order as necessary to protect the welfare of the minor child.
As stated above, appellate counsel for H.R.S. conceded this point. We therefore affirm the termination proceedings initiated by the trial court.
We note further that the trial court properly sought to protect the child's welfare by ordering no visitation by any family members. We would add, however, that this provision should apply only until further order of the court. Since the petition for severance and notice thereon has not yet been filed, the trial court was without jurisdiction to predetermine the areas in which placement would not be appropriate. Therefore, we remand to permit the trial court to amend its order accordingly.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
COBB and COWART, JJ., concur.