PER CURIAM.
By petition for writ of habeas corpus we are asked to review the propriety of an order detaining an infant in the custody of the Florida Department of Health and Rehabilitative Services (HRS). We deny the writ, but order the trial court to conduct an adjudicatory hearing forthwith.
On April 11, 1984, M.S., a new-born infant, was taken to Broward General Hospital where he was diagnosed as having an unexplained subarachnoid hemorrhage (bleeding between the brain and the skull). The hospital reported this finding to HRS which, in turn, notified the state attorney.[1] Suspecting child abuse, the state filed a verified petition for detention.[2] The circuit judge to whom the case was assigned conducted a detention hearing pursuant to Rule 8.050, Fla.R.Juv.P., and entered an order finding probable cause to detain the child.[3]
The matter was set for an adjudicatory dependency hearing on May 8, 1984.[4] Unfortunately, it was necessary to have a substitute judge preside at this hearing. (We do not mean to disparage the actions of the substitute judge for he acted with great concern for the rights of the parties. As will be seen, however, the substitution resulted in substantial confusion.) At first, it appeared that the hearing would be uncontested. But soon it became obvious that the parents did not agree with what was taking place. The father expressed his frustration by saying, “I only know right and wrong; and what’s going on is wrong. Wrong.” Indeed, at one point the substitute judge observed, “I don’t think the problem’s with the [parents]; I think the problem’s with the Court. You know, I’m concerned that there’d be an adjudication here, based on nothing. I mean, it’s really based on nothing that I can see.” Later, the court said, “I will not sign an order adjudicating the child dependent; I will defer that decision. I will not make that decision today_ I will defer adjudi *559 cation.” Throughout this proceeding the parents expressed a desire to do what was best for their child. Finally, to move things along, they stipulated to the entry of an agreed order which (1) expressly indicated that “adjudication of dependency is withheld”; (2) allowed the child to remain in the temporary physical and legal custody of HRS; and (3) called for a review within thirty days “or as soon thereafter as the psychological examinations have been completed.”
The case then reverted to the original trial judge. For reasons that we do not fully understand, the court took the position that the foregoing stipulated order resolved the issue of dependency. The court focused its attention on the phrase “adjudication of dependency is withheld,” and reasoned that the substitute judge had found the child to be dependent, but had declined to “formalize” that finding. It appears that the court may have been thinking of section 39.409(2), Florida Statutes (1983), which permits a judge in a dependency hearing to withhold adjudication if the court finds that the child is dependent, but that no action other than home supervision is required, or perhaps the court was referring to Rule 3.670, Fla.R.Crim.P., which permits a judge in a criminal case to withhold adjudication of guilt when placing a defendant on probation. In any event, the trial judge in this case, declined to conduct an adjudicatory hearing to determine dependency. Thus, we have the instant petition.
Preliminarily, we note that habe-as corpus is an acceptable vehicle for challenging wrongful detention of the child in this case.[5] See Crane v. Hayes, 253 So.2d 435 (Fla.1971). However, in light of the stipulated order in this case, we cannot say that the child’s detention is wrongful. Yet it is equally clear that the parties have not been afforded an adjudicatory hearing as required by section 39.408, Florida Statutes (1983). The trial court’s characterization of the substitute judge’s order is simply not supported by the record. Therefore, in view of the passage of time and the critical nature of issue at hand, we deem it essential that the court convene and conduct an adjudicatory hearing in compliance with section 39.408, Florida Statutes (1983); see also A.Z. v. State, 383 So.2d 934 (Fla. 5th DCA 1980).[6]
WRIT DENIED with instructions.
HURLEY and BARKETT, JJ., concur.
GLICKSTEIN, J., concurs in part and dissents in part with opinion.

. § 415.504, Fla.Stat. (1983).

. § 39.404, Fla.Stat. (1983).

. Although the parents' subsequent consent to the entry of a detention order precludes a challenge to the initial detention hearing and the resulting finding of probable cause, we note our concern with the overall laxity that permeated the proceeding. The state’s verified petition was woefully inadequate. It did not provide sufficient facts to allow a neutral and detached magistrate to find probable cause. See, e.g., State v. I.B., Jr., 366 So.2d 186 (Fla. 1st DCA 1979). Of greater concern, however, is the fact that the magistrate did not seem to understand that his responsibility was to "perform his ‘neutral and detached’ function and not serve merely as a rubber stamp for the police.” Aguilar v. Texas, 378 U.S. 108, 111, 84 S.Ct. 1509, 1512, 12 L.Ed.2d 723 (1964). Although the magistrate ultimately signed an order finding probable cause, that term was never mentioned during the hearing nor does it appear to have been a focus of concern. Rather, the magistrate seemed to presume justification to detain the child and implied that the parents had the burden of rebutting that presumption. The following colloquy is illustrative:
THE COURT: My question today is — the only question before me today is, where does the child go between now and the time we get this matter settled?
FATHER: Well, it seems like it’s guilt before proof.
THE COURT: Well, I realize that.
FATHER: I mean, so ...
THE COURT: That was my problem with the last couple I was trying to explain it.
Rule 8.050, Fla.RJuv.P., sets forth the procedures which must be employed in a detention hearing. It is critically important that the court scrupulously adhere to the dictates of this rule.

.§ 39.408, Fla.Stat. (1983).

. Appeals from orders rendered in juvenile proceedings are governed by section 39.413(1), Florida Statutes (1983), which provides:
Any child, and any parent or legal custodian of any child, affected by an order of the court may appeal to the appropriate district court of appeal within the time and in the manner prescribed by the Florida Appellate Rules.
Under the appellate rules, we have original jurisdiction over habeas corpus proceedings. See Fla.R.App.P. 9.030(b)(3). While we are aware that habeas corpus ordinarily may not be used as a substitute for an appeal or writ of certiorari, see Skipper v. Schumacher, 124 Fla. 384, 169 So. 58 (1936), cert. denied, 296 U.S. 578, 56 S.Ct. 88, 80 L.Ed. 408 (1935), appeal dismissed, 299 U.S. 507, 57 S.Ct. 39, 81 L.Ed. 376 (1936), and that petitioners in this case could have sought review by writ of certiorari but failed to avail themselves of that remedy within the time limitations imposed by Fla.R.App.P. 9.100(c), we nevertheless have determined to exercise our original jurisdiction under Rule 9.030(b)(3) in order to achieve substantial justice. See McDaniel v. State, 219 So.2d 421 (Fla.1969). Thus, we respectfully disagree with the dissent’s reliance on Potvin v. Keller, 313 So.2d 703 (Fla. 1975), as authority for the proposition that ha-beas corpus is not available as a means for reviewing any juvenile court order. Potvin and the cases cited therein merely restate the general principle that habeas corpus may not be used as a substitute for an appeal by one who failed to timely avail himself of the latter remedy.

. On August 15, 1984, this court entered an order directing the trial court to conduct an adjudicatory hearing.