PER CURIAM.
This is a petition for writ of habeas corpus in which petitioners Nelson Thomas and Hipomene Cadet seek relief from and order of permanent commitment to HRS of their four minor children. Petitioners claim that they were denied the right to counsel at the commitment hearing. For the reasons set forth below, we hereby vacate the order of permanent commitment and remand for an evidentiary hearing on the issue of waiver of counsel.
The children were left by their parents with non-relatives in 1981, and were subsequently declared dependent and placed in temporary legal custody of HRS by court order. HRS later filed a petition for permanent commitment of the children in February, 1985. A hearing was held, at which both natural parents were present, but without counsel. From the pleadings, we *550 are advised that petitioner Thomas spoke some English but that petitioner Cadet did not.
Petitioners claim that they were not advised of their right to counsel and that they did not waive the right during the permanent commitment proceedings. Respondents contend that petitioners were advised of their right to counsel, and that they knowingly and effectively waived the right at the permanent commitment hearing and on. the record. However, a tape recording of the hearing itself has since been erased from the juvenile court files, since no direct appeal was taken in one year from the hearing.
There is no dispute over this court’s jurisdiction over petitioner’s challenge by way of writ of habeas corpus. Crane v. Hayes, 253 So.2d 435 (Fla.1971); In the Interest of M.S., 455 So.2d 557 (Fla. 4th DCA 1984). Neither is there any dispute over the fact that petitioners, as natural parents, are entitled to counsel, or appointed counsel if indigent, in a case involving the permanent commitment of their children. See In the Interest of D.B. and D.S., 385 So.2d 83 (Fla.1980); Fla.R.Juv.P. 8.560. What is at issue is whether petitioners were afforded the right to counsel, and whether they knowingly and intelligently waived that right. Also at issue is whether any special or unusual circumstances exist, such as a language barrier or inexperience with court proceedings, such that a waiver, even if tendered, should not be accepted by the trial court. See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Robinson v. State, 368 So.2d 674 (Fla. 1st DCA 1979).
Since the only record which would answer these questions has been destroyed, and the parties hereto cannot stipulate as to what transpired at the commitment hearing, we find it necessary to vacate the permanent commitment order, reinstitute the temporary custody order for the children to remain with HRS, and to remand for an evidentiary hearing on the issue of the waiver of counsel by petitioners. At this hearing, petitioners shall be afforded the services of an interpreter, and counsel, or the appointment of counsel if indigent. If after conducting this hearing the court determines that counsel was effectively waived, it shall reinstitute its permanent custody order. If waiver is not found, petitioners shall be afforded a new permanent commitment hearing with an interpreter and counsel.
GUNTHER and STONE, JJ., concur.
LETTS, J., dissents without opinion.