PER CURIAM.
This petition for writ of mandamus seeks to compel the respondent to honor a voluntary dismissal entered in a juvenile dependency proceeding. There is authority for the proposition that mandamus is a proper remedy. Wincor v. Turner, 215 So.2d 3 (Fla.1968). However, since the lower court is continuing to exercise jurisdiction by proceeding toward an adjudicatory hearing, we will treat the petition as one seeking prohibition.
In November, 1984, the Department of Health and Rehabilitative Services (HRS) filed a petition alleging that McCutcheon’s minor child was a “dependent child” as defined by section 39.01(9), Florida Statutes (1985). Prior to any valid adjudicatory hearing, HRS submitted a “motion for withdrawal of petition,” stating that the disposition HRS was seeking in the case had been accomplished by an order entered in McCutcheon’s pending divorce proceeding. The court denied this motion, as well as a subsequent motion to dismiss filed by McCutcheon.
Although we do not question the good intentions of the trial court in desiring to maintain supervision over this case, we conclude that the HRS “motion” constitutes a voluntary dismissal of the action and, as such, must be enforced. Florida Rule of Juvenile Procedure 8.720(e) provides that a petition for dependency may be voluntarily dismissed by the petitioner without leave of the court at any time prior to the entry of an order of adjudication. This provision is similar to Florida Rule of Civil Procedure 1.420(a). The right to dismiss a pending action under the civil rule has been held to be absolute. Fears v. Lunsford, 314 So.2d 578 (Fla.1975). A properly filed dismissal divests the court of jurisdiction. Randle—Eastern Ambulance Service v. Vasta, 360 So.2d 68 (Fla.1978).
Respondent does not dispute McCutcheon’s interpretation of the rules. Rather, he argues that McCutcheon lacks standing to file this petition because it is HRS, not McCutcheon, whose efforts to dismiss the action have been frustrated. The record does not inform us why HRS chose not to pursue the dismissal attempt. Nevertheless, we believe that McCutcheon does have standing to bring this action. Clearly, she is a party to a dependency proceeding brought in connection with her child. Section 39.405(4)(a), Florida Statutes (1985), requires service of process upon the parents of a child alleged to be dependent, and the parents are among the parties who may appeal if “affected by an order of the court.” § 39.413(1), Fla.Stat. (1985). If a parent may appeal from an adverse ruling, that same parent ought to have the right to *712 pursue extraordinary remedies such as mandamus when, as here, direct appeal may provide no adequate relief.
The petition for writ of prohibition is granted and this case is remanded to the trial court with directions to dismiss the dependency petition.
GRIMES, A.C.J., and RYDER and CAMPBELL, JJ., concur.