535 So.2d 312 (1988)
IN the INTEREST OF R.K., Jr., a Minor.
No. 87-2812.
District Court of Appeal of Florida, Second District.
December 7, 1988.
*313 Peter K. Mislovic, Lakeland, for appellant.
Geraldyne H. Carlton of Carlton & Carlton, P.A., Lakeland, for appellee.
SCHOONOVER, Acting Chief Judge.
The appellant, the mother of R.K., Jr., challenges a final judgment permanently committing her child to the custody of the appellee, Department of Health and Rehabilitative Services (HRS). We find that the juvenile court violated the appellant's right to counsel and, accordingly, reverse.
After the appellant's child had been adjudicated dependent pursuant to the provisions of chapter 39, Florida Statutes (1983), HRS filed a petition seeking the permanent commitment of the child to HRS custody for the purpose of subsequent adoption. The record reflects that the appellant was present at the permanent commitment hearing conducted on June 25, 1987, and represented herself in opposition to HRS's petition. At the conclusion of the hearing, the court granted HRS's petition and entered a final judgment permanently committing the child to HRS for subsequent adoption. This timely appeal followed.
The primary issue in a permanent commitment hearing is the determination of the manifest best interests of the child. § 39.41(1)(f)1., Fla. Stat. (1983).
There is also, however, a constitutionally protected interest in preserving the family unit and raising one's children. Because the interest at stake is so important and fundamental in nature, our supreme court has held that under the due process clauses of the United States Constitution and the Florida Constitution, a parent has a fundamental right to counsel in proceedings which might result in the permanent termination of his child custody rights. See In the Interest of D.B., 385 So.2d 83 (Fla. 1980). In order to insure the proper procedure in protecting a parent's right to counsel, the Florida Rules of Juvenile Procedure provide:
(a) Duty of the Court.
(1) At each stage of the proceeding the court shall advise the parent, guardian or custodian of their right to have counsel present. The court shall appoint counsel to insolvent persons who are so entitled as provided by law. The court shall ascertain whether the right to counsel is understood and where appropriate, knowingly and intelligently waived. The court shall enter its findings in writing with respect to the appointment or waiver of counsel for insolvent parties as aforementioned.
(2) The court may appoint an attorney for the parent, guardian or custodian of a child, as provided by law.
(b) Waiver of Counsel.
(1) No waiver shall be accepted where it appears that the party is unable to make an intelligent and understanding choice because of his mental condition, age, education, experience, the nature or complexity of the case, or other factors.
(2) A waiver of counsel made in court shall be of record. A waiver made out of court shall be in writing with not less than two attesting witnesses, and shall be filed with the court. Said witnesses shall attest the voluntary execution thereof.
(3) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the *314 court at each subsequent stage of the proceedings at which the party appears without counsel.
Fla.R.Juv.P. 8.560.[1]
Thus, in order to satisfy the constitutional requirements recognized in In the Interest of D.B., the juvenile court must inform the parent of his right to counsel and, if the parent wishes to waive this right, establish that the waiver is knowing and intelligent. In determining whether or not a parent's tendered waiver should be accepted, the trial court must consider special circumstances such as the parent's mental condition, age, education, experience, the nature or complexity of the case, or other factors. Fla.R.Juv.P. 8.560(b)(1). See also, Thomas v. Hoppe, 493 So.2d 549 (Fla. 4th DCA 1986).
Although the final judgment of permanent commitment states that the appellant had "previously refused" counsel, our review of the record in this case and the supplement thereto leads us to conclude that rule 8.560 was not followed. We, accordingly, find that the appellant's right to counsel was violated.
The appellant was represented by counsel at various stages of the proceedings leading up to the permanent commitment hearing but represented herself at other times. Specifically, the appellant was not represented by counsel at the dependency hearing nor the permanent commitment hearing. Although the supplement to the record contains a notice furnished to the appellant informing her that she had the right to counsel, this was a prehearing notice and the record does not reflect that any offer of counsel was renewed, as required by rule 8.560(b)(3), when the appellant appeared at the permanent commitment hearing without counsel. Additionally, although the supplemental record contains the juvenile judge's conclusion that he adequately advised the appellant of her right to counsel and that she properly waived that right, the record does not contain any competent evidence to support this conclusion. The record does not contain a written or an oral waiver of counsel, and the transcript of the permanent commitment hearing establishes that the appellant was not questioned in any manner concerning her understanding of her right to counsel, her alleged waiver of this right, or her ability to make an intelligent and understanding choice.
Although not necessary for the disposition of this case, we note that the record, in addition to not reflecting compliance with rule 8.560, contains evidence which indicates that the appellant did not have the ability to make an intelligent and understanding choice concerning her right to counsel. The original dependency petition alleged, among other things, that the appellant had not accepted the existence of her own emotional instability nor sought appropriate counseling after two psychiatric hospitalizations. The court found these allegations were true. The child's disposition hearing had to be continued because the appellant was once again hospitalized. The preparation and execution of a performance agreement with the appellant was delayed on one occasion because she was hospitalized at G. Pierce Wood Memorial Hospital in Arcadia, Florida, and on another occasion because she spat on the counselor and then walked out of the meeting. The sworn petition for permanent commitment alleged, among other things, that it was in the manifest best interest of the child because the appellant is emotionally unstable to the point where she is totally unable to provide for the child's most basic needs; that her behavior is chaotic and unpredictable and she exhibits poor and defective judgment. The final judgment found that these allegations were proven by clear and convincing evidence. With this evidence before the court, it was especially important that the court renew the offer of counsel and inquire as to appellant's ability to knowingly and intelligently waive this right.
*315 Because the record fails to establish that the juvenile court complied with the provisions of rule 8.560 before permitting the appellant to proceed pro se, we reverse the final judgment of permanent commitment and remand for a new hearing. See In the Interest of D.M.S., 528 So.2d 505 (Fla. 2d DCA 1988). See also, In the Interest of D.B.; White v. Dep't of Health & Rehabilitative Serv., 483 So.2d 861 (Fla. 5th DCA 1986); In re R.W., 429 So.2d 711 (Fla. 5th DCA 1983).
REVERSED AND REMANDED.
FRANK, J., concurs.
HALL, J., dissents with opinion.
HALL, Judge, dissenting.
Traditionally the courts in Florida have considered the best interest of the child to be the paramount concern in rendering a decision in a permanent commitment case. As Justice Boyd stated in the case of In re Interest of Camm, 294 So.2d 318, 320 (Fla. 1974): "While Florida courts have recognized the `Godgiven right' of parents to the care, custody and companionship of their children, it has been held repeatedly that the right is not absolute but is subject to the overriding principle that it is the ultimate welfare or best interest of the child which must prevail."
In the instant case the majority has ignored that premise and is reversing the trial judge's order of permanent commitment upon the perceived failure of the trial court to comply with rule 8.560.
The majority seems to imply that the trial court is required to appoint counsel for a parent under rule 8.560, except under special circumstances that show the parent is capable of representing herself. I agree with this premise. However, the determination of the parent's need for counsel under the rule is left totally within the discretion of the trial judge. The committee notes on rule 8.560 provide as follows:
1984 Adoption. (a)(1) Court is required to advise parents at each stage of proceedings of the right to counsel. Appointment of counsel for indigent parents shall accord with case law applicable in jurisdiction.
(2) Court may appoint counsel at its discretion.

(b)(2) Requires that out of court waivers of counsel be filed with the court.
(Emphasis supplied.)
In the instant case the learned trial judge exercised that discretion and determined that the appellant was capable of representing herself. My colleagues point out that the transcript of the final hearing does not show that the appellant was questioned in any manner concerning her understanding of her right to counsel or that she waived her right to counsel. Yet, in the supplemental record there are affidavits of the trial judge, the Tenth Circuit judicial assistant, and counsel for H.R.S. in which those persons state that at the final hearing the appellant was advised of her right to have counsel represent her in the matter and that if she could not afford counsel the court would appoint an attorney to represent her and that she understood her right to counsel and knowingly and intelligently waived that right, while insisting upon representing herself. Counsel for the appellant responded to the affidavits and admitted he could not refute or otherwise supply information in addition to that already supplied. Counsel for the appellant had adequate opportunity to contact his client and, if she did not waive counsel at the final hearing or did not understand or intelligently waive her right to counsel, he could have filed her affidavit disputing the conclusions in the supplemental affidavits. Yet, counsel did not do this. Although the trial judge did not file a separate, detailed writing setting forth his finding as to the appellant's waiver of counsel and her ability to represent herself, he did state in the final order of permanent commitment that the natural mother had previously refused the appointment of counsel and represented herself.
When I consider these factors, together with the following facts disclosed by the record, common sense tells me that the appellant was properly informed of her right to counsel and that the trial judge *316 exercised his discretion in not appointing counsel for the appellant and thereby complying with her wishes to represent herself.
The record reflects that the mother was not present at the original dependency hearing in late 1984 because she was confined as a patient at the Polk General Hospital. She was not represented by counsel at that hearing. Counsel was appointed for her thereafter, and beginning with the filing on May 8, 1985, of a petition for review of dependency status and the subsequent hearing, the appellant was represented by counsel. A petition for review was filed every six months thereafter until January of 1987. The appellant was represented by counsel at each of those hearings and at a hearing on January 20, 1987, at which the trial court ordered the commencement of permanent commitment proceedings and continued foster care. Shortly after this hearing, counsel for the appellant wrote to the court advising that the appellant no longer wanted counsel to represent her and requested permission to withdraw as counsel of record. On February 24, 1987, the appellant in proper person filed a comprehensive petition with the court alleging institutional child neglect by H.R.S., contending that continued placement in foster homes was detrimental to the welfare and best interest of her child. The petition for permanent commitment was filed by H.R.S. on February 26, 1987, and on May 4, 1987, the judicial assistant for the Tenth Judicial Circuit wrote the appellant advising her of the final hearing date of June 25, 1987. In this letter, he also advised her of her rights: "as previously informed by this court, you have the right to private counsel, and this court is willing to appoint counsel, but only if you desire. As you will recall, you have previously refused court appointed counsel."
I do not find it necessary to go into all of the facts in the record that disclose that the best interest of this child would be served by immediate termination of all parental rights, except to point out that all psychological reports and progress reports on the child disclose that it would be extremely detrimental to the child to return him to the custody of the appellant and that if he is removed from the foster home all of the improvement in his mental condition will be lost and he will revert to his prior aggressive, destructive behavior.
I would therefore affirm the trial court's order on the basis that the record sufficiently discloses that the court complied with rule 8.560, thereby making a remand for the purpose of appointment of counsel unnecessary and detrimental to the welfare and best interests of the child.
NOTES
[1] We note that section 39.465(1), Florida Statutes (1987), contains substantially the same language as rule 8.560. That statute, however, was not effective at the time the permanent commitment hearing was conducted sub judice. See Ch. 87-289, § 12, Laws of Fla.