PER CURIAM.
Appellants, the maternal grandparents of J.M., appeal the circuit court’s order dismissing their petition for dependency on the motion of the Department of Health and Rehabilitative Services (HRS). Relying on McCutcheon v. Trettis, 501 So.2d 710 (Fla. 2d DCA 1987), the lower court reasoned that it had no authority to proceed in the case since HRS desired a dismissal. McCutcheon, however, is distinguishable from the present case because there, unlike here, HRS was the petitioner. Section 39.404(1), Florida Statutes (1989), controls here, giving appellants the right to file and pursue a petition for dependency independent of HRS. Appellants correctly point out that section 39.404(1), provides that “any person” who has knowledge of. the facts alleged or is informed of them and believes that they are true may file a petition for dependency, and states that “[njothing in this section shall interfere with the right or decision of any person to file a petition alleging dependency.” See also In the Interest of J.R.T., 427 So.2d 251 (Fla. 5th DCA 1983) (to hold that HRS alone can initiate petition for termination of parental rights would permit the agency to restrict and frustrate the inherent and statutory authority of the circuit court to protect the welfare of minor children.)
Accordingly, we hold that the trial court erred in concluding that it was required to dismiss the petition simply because HRS desired its dismissal, and reverse and remand for further proceedings. We decline to address, as premature, the additional issues raised by HRS.
HERSEY, C.J., and ANSTEAD and GUNTHER, JJ., concur.