568 So.2d 1316 (1990)
Leslie NORRIS, et al., Appellants,
v.
Pamela Rockfeller SPENCER, et al., Appellees.
No. 89-2379.
District Court of Appeal of Florida, Fifth District.
October 25, 1990.
*1317 Michael S. Minot of Minot and Minot, Cocoa, for appellants.
Fred D. Leone, Cocoa, for appellee Pamela Rockfeller Spencer.
Stanley Wolfman of Wolfman & Greenfield, P.A., Merritt Island, for appellee James Robert Costlow.
Robert A. Butterworth, Atty. Gen., Kathleen E. Moore and Jason Vail, Asst. Attys. Gen., Tallahassee, for appellee Dept. of Health and Rehabilitative Services.
COBB, Judge.
The issue on appeal is whether court appointed guardians of a minor child have standing to file a petition for severance of parental rights. The answer is yes.
The minor child herein at issue, B.S., was placed in the care of the appellants, Leslie and Gina Viola Norris, by the child's natural mother, Pamela Spencer. Subsequently, the child was declared dependent by the circuit court and the Norrises were appointed as custodians with responsibility for the temporary care, custody and control of B.S. The natural father was not present for the dependency adjudication.
Apparently, the natural mother entered into a case plan with H.R.S., after which both natural parents asked the court to return custody of B.S. Both motions were denied by the court. Subsequently, the Norrises filed a petition for severance of parental rights, which was attacked by a motion to dismiss filed by Pamela Spencer. At a hearing thereon, the trial court held that the Norrises had no standing to seek termination of parental rights, and they appeal.
Seemingly, it is the position of Pamela Spencer that only the Florida Department of Health and Rehabilitative Services is entitled to bring a petition for termination of parental rights under Chapter 39 of the Florida Statutes. Although H.R.S. argues that all of the requirements of Chapter 39 must be met before a court may terminate parental rights, it concedes that the legislature intended that persons other than H.R.S. or a licensed child placing agency have the right to initiate a petition to terminate parental rights. This question was answered by this court in the case of In Interest of J.R.T., 427 So.2d 251 (Fla. 5th DCA 1983), wherein we said:
To hold that H.R.S. alone could initiate termination proceedings would be to permit the agency to restrict and frustrate the inherent and statutory authority of the court to protect the welfare of minor children.
See also In Interest of C.B., 561 So.2d 663 (Fla. 5th DCA 1990); In Interest of J.M., 560 So.2d 343 (Fla. 4th DCA 1990).
This court has recognized that the ability of a trial court to protect a minor from unreasonable action or inaction on the part of H.R.S. must not be frustrated. It is clear that the appellants herein had standing to initiate the petition, whatever the merits, or even the prematurity, of that petition.
We reverse the trial court's order of dismissal on the basis of standing, and remand for a decision on the merits regarding the petition filed by the appellants.
REVERSED AND REMANDED.
GOSHORN and HARRIS, JJ., concur.