663 So.2d 682 (1995)
Candice McKENZIE, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 94-2261.
District Court of Appeal of Florida, Fifth District.
December 1, 1995.
Eric Lee Bensen of Alexander Zouzoulas & Lori Wheeler, P.A., Orlando, for Appellant.
James A. Sawyer, Jr., and Gay N. Williams, Orlando, for Appellee.
THOMPSON, Judge.
Candice McKenzie appeals from a final order of disposition adjudicating her two children dependent. On appeal, McKenzie first contends that the trial court erred by denying her request for counsel at the dependency arraignment and by denying her motion to withdraw her consent to dependency. The basis of McKenzie's motion below was that she had not voluntarily and knowingly waived her right to be represented by counsel. McKenzie also contends that the trial court erred by failing to include any findings of fact in the adjudicatory order to support a finding of dependency. At oral argument, the Department of Health and Rehabilitative Services ("HRS") argued that McKenzie had waived her right to an attorney at her arraignment, but conceded that the adjudicatory order was legally insufficient. We quash the order of disposition and reverse and remand for a new arraignment where McKenzie can be represented by an appointed attorney.
McKenzie appeared at arraignment on the petition for dependency without an attorney. The petition filed by HRS alleged that the children had been abandoned, abused, or neglected, *683 and that they were at substantial risk of imminent abuse or neglect. At the beginning of the proceedings, the trial judge advised McKenzie and other parents being arraigned of their right to an attorney. The trial court also told them that, if they could not afford an attorney, one would be appointed to represent them. See Fla.R.Juv.P. 8.320(a). During the colloquy with McKenzie, the trial judge explained the three pleas available to her: admission, denial, or consent to the petition. See Fla.R.Juv.P. 8.325(b), (c). Although McKenzie initially consented to the petition, when questioned by the trial court to determine if she understood that she would be giving up her right to an attorney, McKenzie requested an attorney, stating, "[w]ell, I would like an attorney." McKenzie also stated that she wanted an attorney "[f]or future things" and that "[t]here are a lot of things about this I don't understand about dependency and what I'm giving up for that." At the end of the arraignment, McKenzie did not waive her right to an attorney on the advice of the right to counsel in dependency proceedings form, but instead requested that an attorney be appointed to represent her. An attorney was appointed at that time to represent her at "future proceedings." The appointed attorney subsequently filed a motion and an amended motion to withdraw McKenzie's plea, but the trial court denied the amended motion.
Although the trial court patiently explained the rights McKenzie would be giving up by consenting to the petition, we hold that, when a parent requests an attorney and states that she does not understand the proceedings, the trial court must appoint an attorney to represent the parent. Parents have a constitutionally protected interest in preserving their family unit and raising their children. See In re D.B., 385 So.2d 83, 90 (Fla. 1980). In In re D.B., the Florida Supreme Court held that, under the due process clauses of the United States and Florida Constitutions, a parent has a fundamental right to counsel in proceedings which may result in the permanent termination of child custody rights. In re D.B., 385 So.2d at 90; see also In re R.K., 535 So.2d 312, 314 (Fla. 2d DCA 1988); White v. Department of Health & Rehabilitative Servs., 483 So.2d 861, 864 (Fla. 5th DCA 1986). HRS does not argue that these cases are not applicable because they involve termination of parental rights; rather, HRS argues that McKenzie's waiver was voluntarily, knowingly, and intelligently made.
In this regard, HRS argues that the record supports a finding that McKenzie waived her right to counsel for the arraignment. The trial court asked McKenzie several times if she understood the proceedings and the rights she was giving up. McKenzie answered that she did. The trial court explained the procedures and explained what the court could and could not do as a result of the plea of consent to the petition. In viewing the entire arraignment proceedings, however, we conclude that there was no voluntary, intelligent, and knowing waiver of counsel. The trial court did not comply with the Rules of Juvenile Procedure because McKenzie's statement at the arraignment demonstrated that she was "unable to make an intelligent and understanding choice." Fla.R.Juv.P. 8.320(b)(1); see In re R.K., 535 So.2d at 314.
The record indicates that McKenzie displayed hesitation and confusion when entering her plea of consent. McKenzie requested an attorney twice during the arraignment because she did not understand the nature of the dependency hearings and, specifically, the rights she was relinquishing. While the trial court was attempting to qualify her plea, McKenzie specifically requested an attorney due to her inability to understand the nature and complexity of the proceedings. Once McKenzie stated that she did not understand the proceedings and that she was confused, the inquiry as to consent should have stopped and an attorney should have been appointed immediately to represent McKenzie. There is support in the record for the determination that McKenzie entered the plea of consent in order to obtain services for her children and to do what was best for them. The finding of dependency is the initial act that led to McKenzie's children being adjudicated dependent. This determination could ultimately lead to McKenzie's parental rights being terminated. Thus, once the court was aware *684 that McKenzie wanted an attorney, all explanations and questioning should have ceased. Further evidence that McKenzie wanted an attorney is that, at the end of the arraignment, she executed an advice of the right to counsel in dependency proceedings form, again requesting an attorney, and one was then appointed to represent her. We conclude that, under these circumstances, McKenzie's waiver was not freely, voluntarily, and intelligently made.
HRS concedes that the order of adjudication did not contain specific facts supporting the order. Florida Rule of Juvenile Procedure 8.325(c) requires that an order adjudicating dependency incorporate "findings of fact specifying the act or acts causing dependency, by whom committed, and facts upon which the findings are based." See In re S.H., 642 So.2d 809, 810 (Fla. 2d DCA 1994) (refusing to conclude that parent's oral consent to petition permitted entry of order of disposition without findings to support adjudication). In addition, section 39.409(3), Florida Statutes (1993), requires that a court incorporate in its order adjudicating dependency a brief statement of the facts upon which the finding is made. No findings of fact were contained in the order adjudicating dependency in this case. Accordingly, we quash the order of disposition and remand to the trial court for further proceedings consistent with this opinion.
Order of Disposition QUASHED; REVERSED and REMANDED for further proceedings.
PETERSON, C.J., and W. SHARP, J., concur.