709 So.2d 590 (1998)
P.B. and B.B., Appellants,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 97-3759.
District Court of Appeal of Florida, Fourth District.
April 1, 1998.
Doris Landis Raskin, Stuart, for appellants.
Robert A. Butterworth, Attorney General, Tallahassee, and Melinda K. Brown, Assistant Attorney General, Fort Lauderdale, for appellee.
*591 PER CURIAM.
Affirmed. Appellants have not demonstrated that the court abused its discretion in deciding to remove their child from the home on a temporary basis.
The portion of this appeal relating to the sufficiency of the order which adjudicated Appellants' son dependent is time-barred. The order was rendered September 11,1997, and the notice of appeal was not filed until October 22, 1997. See Fla. R.App. P. 9.110(b); Estate of Schatz, 613 So.2d 591, 592 (Fla. 4th DCA 1993).
With respect to the trial court's denial of Appellants' motion to withdraw their consent to dependency, the record conclusively disproves Appellants' allegations that they did not understand that they were agreeing to an adjudication of dependency, that they were unaware that one of the possible consequences of a dependency determination was the loss of custody of their child, and that their consent was not voluntary and knowing. As to this, Appellants failed to make the demonstration of good cause required by Florida Rule of Juvenile Procedure 8.315(b).
We also affirm the shelter order placing Appellants' autistic child in a therapeutic facility. Section 39.41 (2)(a), Florida Statutes, states in pertinent part:
(a) When any child is adjudicated by a court to be dependent, the court having jurisdiction of the child has the power, by order, to:
* * * * * *
9. a. Change the temporary legal custody or the conditions of protective supervision at a postdisposition hearing subsequent to the initial detention hearing, without the necessity of another adjudicatory hearing....
The court also had authority to act sua sponte to remove the child from a home placement upon a finding that the child is at risk. Department of Health & Rehabilitative Servs. v. Hollis, 439 So.2d 947, 948-49 (Fla. 1st DCA 1983); In re T.G.T., 433 So.2d 11, 12 (Fla. 1st DCA 1983); In re J.R.T., 427 So.2d 251, 252-53 (Fla. 5th DCA 1983).
We do not consider the question of adequate notice because Appellants did not object to the lack of notice in the proceedings below or request a continuance. The first time they raised the issue was on appeal. By failing to object and by proceeding on the matter at the hearing, Appellants waived their objections to the lack of notice. McGlamry v. Voytek, 659 So.2d 1184, 1184-85 (Fla. 4th DCA 1995).
STONE, C.J., and KLEIN and GROSS, JJ., concur.