PALMER, J.
S.F. (mother) appeals the final order entered by the trial court placing her daughter in the custody of the child’s father pursuant,to section 39.521(3)(b), Florida Statutes (2000). Although we find sufficient evidence in the record to support the court’s ruling adjudicating the child dependent in accordance with the mother’s consent plea and placing her in her father’s custody, we vacate the adjudication order ,and remand to the trial court to include written findings as to the voluntary nature of the mother’s plea.
The mother contends that the trial court’s adjudication and disposition orders must be reversed because her plea colloquy was legally insufficient based on the trial court’s failure to inquire into the nature of the dependency allegations. We disagree. Our review of the record revealed that the trial court conducted a proper plea colloquy and entered an oral finding as to the voluntariness of the mother’s plea.
Furthermore, the court set forth in its written order specific facts supporting the dependency adjudication, including the mother’s domestic violence and failure to protect the child from molestation which placed the child at risk. However, the court failed to set forth in the adjudication order written findings regarding the voluntary nature of the mother’s consent. In fact, no mention was made in the order regarding the voluntariness of the plea. Although the court’s oral ruling as to the mother’s voluntariness is supported by the record, the adjudication order must be vacated and the matter remanded so that the trial court can enter an adjudication order which includes written findings as to the voluntariness of the mother’s plea as required by rule 8.325 of the Florida Rules of Juvenile Procedure.[1] See J.C.G. v. Dep’t of Children & Families, 780 So.2d *523 965 (Fla. 5th DCA 2001)(holding that where no findings of fact are provided to support the adjudication of dependency, the matter must be remanded with instructions to the trial court to provide such findings).
We conclude the mother’s other arguments lack merit.
VACATED and REMANDED with instructions.
COBB and GRIFFIN, JJ., concur.

. The rule provides, in relevant part:
Rule 8.325. Answers and Pleadings
(c) Admission of or Consent to Dependency. The parent or legal custodian may admit or consent to a finding of dependency. The court shall determine that any admission or consent to a finding of dependency is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of such admission. or consent, and that the parent has been advised of the right to be represented by counsel. The court shall incorporate these findings into its order in addition to findings of fact specifying the act or acts causing dependency, by whom committed, and facts upon which the findings are based. If the answer admits the allegations of the.petition it shall constitute consent to a predisposition study.