917 So.2d 984 (2005)
D.M.U., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 3D04-2994.
District Court of Appeal of Florida, Third District.
December 28, 2005.
*985 Katheleen K. Pena (Pembroke Pines), for appellant.
Anania, Bandklayder, Blackwell, Baumgarten, Torricella & Stein and Douglas H. Stein, Miami; Calianne P. Lantz, for appellee.
Before COPE, C.J., and FLETCHER and CORTIÑAS, JJ.
CORTIÑAS, Judge.
D.M.U., the Mother, appeals the trial court's orders denying her motion to withdraw her consent to the dependency of her minor child and adjudicating T.U. dependent. Although we find that the trial court properly determined that the Mother's consent was given voluntarily and with a full understanding of the possible consequences of her consent, while represented by competent counsel, we also find that the trial court failed to include requisite findings in the adjudication order. We affirm in part, reverse in part, and remand to the trial court to include written findings as to the voluntary and knowing nature of the Mother's consent.
In May 2004, the Department of Children and Family Services ("DCF") filed a Petition for Dependency on the basis that the Mother neglected her 10-year old daughter when the child was sexually abused by the Mother's boyfriend. On July 26, 2004, the Mother appeared for trial with an attorney and consented to an adjudication of dependency. The court conducted a colloquy of the Mother verifying that the Mother understood (1) the allegations contained in the petition, (2) the ramifications of consent to the dependency, and (3) the right to trial and appeal. The Mother's attorney then stipulated to the factual basis, which alleged that the Mother failed to protect her child from sexual abuse, that the Mother's boyfriend sexually abused the child by touching her genitals, that he admitted the sexual abuse to the police and to the Mother, and that the Mother failed to take the child for counseling and treatment. Based upon these allegations and the Mother's consent, the court proceeded to make a finding by clear and convincing evidence that the child was dependent, and placed the child in temporary custody of the father.
In August 2004, the Mother filed a motion to set aside consent, which the court denied. The court based its decision on the fact that the Mother was represented by competent counsel and that the court conducted an extensive colloquy where the mother indicated that she understood the allegations in the petition and the possible consequences of her consent. In September 2004, the Mother renewed her motion to set aside her consent alleging that good cause existed for withdrawal based on duress and lack of understanding of the legal ramifications. The court, during a disposition hearing, denied the Mother's renewed motion and entered an order of disposition and acceptance of the DCF case plan.
On appeal, the Mother contends that she did not have a full understanding of the legal consequences of giving consent and that the trial court should have granted her motion to withdraw consent. See Fla. R. Juv. P. 8.325(c). The Mother further contends that the trial judge improperly based her findings of dependency on evidence *986 that was insufficient to sustain a clear and convincing burden of proof.
A trial court's ruling of dependency is a mixed question of law and fact and will be affirmed on review if the trial court applied the proper rule of law and its ruling is supported by competent substantial evidence. See R.F. v. Florida Dep't of Children & Families, 770 So.2d 1189, 1192 (Fla.2000). Competent substantial evidence must be legally sufficient to sustain the trial court's findings. Id. We find that the judge's findings were based on competent substantial evidence. However, the trial court failed to include specific written findings regarding the voluntary and knowing nature of the Mother's consent in the adjudication order. See Fla. R. Juv. P. 8.325(c).
A review of the record indicates that the Mother's contention as to her consent, supposedly uninformed, is without merit as the trial court accepted the Mother's plea only after carefully questioning her and ensuring that she understood the consequences of her consent. The Mother failed to demonstrate good cause for withdrawal of consent under Florida Rule of Juvenile Procedure 8.315(b) (2004), as the record conclusively disproves the Mother's allegations. See P.B. v. Dep't of Children & Family Servs., 709 So.2d 590, 591 (Fla. 4th DCA 1998).
The record also establishes that, during the colloquy, the Mother responded affirmatively when the judge asked whether she understood the allegations contained in the petition for dependency and the possible consequences of her consent. The judge further confirmed that the Mother was satisfied with the services of her attorney and that the Mother was not under the influence of any substance which would affect her ability to make decisions. At the conclusion of the colloquy, the judge announced that the Mother was represented by competent counsel and that she knowingly and voluntarily consented to a finding of dependency. However, the court did not include each of its findings in the written adjudication order.
The Mother argues that the court's failure to insert specific written findings into its adjudication order violates Florida Rule of Juvenile Procedure 8.325(c). We agree. In support of her position, the Mother relies on S.F. v. Dep't of Children & Families, 825 So.2d 521, 522 (Fla. 5th DCA 2002), McKenzie v. Dep't of Health and Rehabilitative Servs., 663 So.2d 682 (Fla. 5th DCA 1995), and C.S. v. Dep't of Children & Families, 777 So.2d 1118 (Fla. 4th DCA 2001).
In S.F., the Fifth District held that an adjudication order of dependency must be vacated and remanded so that the trial court can include written findings as to the voluntariness of the consent plea pursuant to Florida Rule of Juvenile Procedure 8.325(c), even when the record supports the voluntary nature of the plea. Rule 8.325(c) states, in relevant part:
The court shall determine that any . . . consent to a finding of dependency is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of the . . . consent, and that the parent has been advised of the right to be represented by counsel. The court shall incorporate these findings into its order in addition to findings of fact specifying the act or acts causing dependency . . . .
Fla. R. Juv. P. 8.325(c) (2004). The rule requires that the court incorporate its findings in a written order. The S.F. court found that the trial court conducted a proper colloquy to ensure that the mother's consent was voluntarily given but failed to reduce its oral findings as to consent to writing in its adjudication order. *987 S.F., 825 So.2d. at 522. Therefore, the court vacated the order and remanded the matter to the trial court with instructions to include written findings as to the voluntariness of the mother's consent.
The Fifth District's decision in S.F. was based on J.C.G. v. Dep't of Children & Families, 780 So.2d 965 (Fla. 5th DCA 2001), which held that an adjudication order must be remanded when it lacks findings of fact on which a determination of dependency is based. In J.C.G., the court, in its written order, adjudicated minor children dependent based on abandonment. J.C.G., 780 So.2d at 966. However, the order lacked any factual findings as to abandonment. Id.
Unlike in J.C.G., in the instant case, as well as in S.F., the written order contained factual findings which provided the basis for the adjudication of dependency as the order specified the acts which supported the dependency adjudication. However, like S.F., the instant order lacked factual findings regarding the Mother's consent.
DCF argues that S.F. is distinguishable because the instant order, unlike the order in S.F., refers to the dependency hearing, thereby incorporating the findings made during the hearing in the order. However, mere inclusion in the order of the date on which the dependency hearing was held is insufficient to qualify as incorporation of the oral pronouncements made at the hearing. Therefore, we believe that, although the court's oral ruling as to the Mother's consent was supported by the record, the adjudication order must be vacated and remanded so the court can enter an order which contains written findings as to the voluntary and knowing nature of the Mother's consent. See S.F., 825 So.2d at 522.
Although McKenzie and C.S. involve the lack of written findings regarding dependency instead of consent, the reasoning of these cases can nonetheless extend to the instant case as Florida Rule of Juvenile Procedure 8.325(c) requires that the adjudication order contain written findings with respect to both consent and dependency. In McKenzie, the Fifth District quashed and remanded an adjudication order because the order failed to include findings of fact which formed the basis of the dependency pursuant to Rule 8.325(c). McKenzie, 663 So.2d at 684. In C.S., the Fourth District reversed an order of disposition which merely stated that "`the mother consents to the petition for adjudication of dependency,'" because both the order and the record failed to establish that the consent was knowingly and voluntarily given. C.S., 777 So.2d at 1122. In the instant case, although the record supports the finding that the Mother's consent was knowingly and voluntarily given, the order should have included its findings regarding the knowing and voluntary nature of the consent in accordance with Florida Rule of Juvenile Procedure 8.325(c).
The Mother further argues that the trial judge should have based her findings on the preponderance of the evidence standard rather than the higher burden of clear and convincing evidence. However, Florida Rule of Juvenile Procedure 3.330 (2004) permits the court to make a finding of dependency either by a preponderance of the evidence or by clear and convincing evidence. An appellate court must overturn a trial judge's determination that evidence is clear and convincing only when the trial court's decision is clearly erroneous or lacking in evidentiary support. In re D.J.S., 563 So.2d 655, 662 (Fla. 1st DCA 1990) (citing Florida Bar v. Hooper, 509 So.2d 289, 290-91 (Fla.1987)).
In the instant case, we cannot agree that the trial court's adjudication of dependency by the clear and convincing evidence *988 standard was clearly erroneous or lacking in evidentiary support, especially considering that the Mother knowingly and voluntarily consented to a finding of dependency and stipulated to the facts on which the finding of dependency was based. Therefore, we find that the trial court was presented with competent substantial evidence to sustain its findings but did not sufficiently incorporate these findings in the adjudication order.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.