80 So.3d 1103 (2012)
T.M.W., Father of J.A.C., A Child, Appellant,
v.
T.A.C., Mother of J.A.C., A Child, Appellee.
No. 5D11-3399.
District Court of Appeal of Florida, Fifth District.
February 22, 2012.
*1104 T.M.W., Century, pro se.
No Appearance for Appellee.
MONACO, J.
T.M.W., the father of J.A.C., appeals the order of the trial court terminating his parental rights because he was not provided with appointed counsel pursuant to section 39.807(1), Florida Statutes (2010). We reverse the order terminating T.M.W.'s parental rights in order to allow him the opportunity to be represented by counsel for the TPR proceedings.
Section 39.802(1), Florida Statutes (2010) provides that:
All proceedings seeking an adjudication to terminate parental rights pursuant to this chapter must be initiated by the filing of an original petition by the department, the guardian ad litem, or any other person who has knowledge of the facts alleged or is informed of them and believes them to be true.
The mother of J.A.C., as opposed to the Department of Children and Family Services, filed a petition to terminate T.M.W.'s parental rights. The petition alleged that J.A.C. was born in 1998, and was thirteen years of age at the time of the TPR hearing. The mother alleged that T.M.W.'s rights should be terminated with respect to her son because although he was the biological father, he had not visited the child since 2005; had not telephoned the child for a year prior to the filing of the petition; had never paid child support; and in 2010 he was sentenced to life in prison for attempted first degree murder. T.M.W. filed an answer, denying that he had abandoned the child, a motion to dismiss, and a motion for telephonic hearing.
The trial court heard both the motion to dismiss and the petition to terminate parental rights at a single telephonic hearing. *1105 T.M.W., of course, appeared by telephone because of his imprisonment. No transcript of the hearing has been provided. T.M.W. indicates, however, that the trial court did not advise him that he had a right to counsel, and denied counsel to him when he asked for representation even though he advised the trial court that he was indigent.
The trial court subsequently entered an order terminating T.M.W.'s parental rights based on section 39.806(1)(d), Florida Statutes (2010), finding that T.M.W. would be incarcerated for a substantial portion of the period of time before the child would attain the age of 18 years. The trial court found that the child was 13 years old at the time of the hearing, and that there was no reasonable expectation that T.M.W. would be released from state prison prior to the child's eighteenth birthday. Simultaneously, the trial court held that T.M.W. did not have standing to contest the TPR because he was not listed on the putative father registry, was not on the child's birth certificate, had never been named as the father by any court, and had admittedly never paid child support. We note, however, that there is a final judgment of paternity in the record that was rendered in 2004, that establishes that T.M.W. is the father of the child based on the consent of both parties.
T.M.W. filed a timely motion for rehearing, asserting inter alia, that the trial court denied him a fair and impartial hearing and entered judgment contrary to law by denying T.M.W.'s request for appointed counsel. The trial court denied T.M.W.'s motion for rehearing and also denied T.M.W.'s motion for appointment of counsel on appeal.
In proceedings involving the possibility of permanent termination of parental rights to a child, indigent parents are entitled to the appointment of counsel. In re L.N., 814 So.2d 1142, 1143-44 (Fla. 2d DCA 2002) (citing In Interest of D.B., 385 So.2d 83, 90-91 (Fla.1980)). In fact, section 39.807(1) Florida Statutes provides:
(1)(a) At each stage of the proceeding under this part, the court shall advise the parent of the right to have counsel present. The court shall appoint counsel for indigent parents. The court shall ascertain whether the right to counsel is understood and, where appropriate, is knowingly and intelligently waived. The court shall enter its findings in writing with respect to the appointment or waiver of counsel for indigent parents.
. . .
2. A waiver of counsel made in court must be of record. A waiver made out of court must be in writing with not less than two attesting witnesses and must be filed with the court. The witnesses shall attest to the voluntary execution of the waiver.
3. If a waiver of counsel is accepted at any stage of the proceedings, the offer of assistance of counsel must be renewed by the court at each subsequent stage of the proceedings at which the parent appears without counsel.
(Emphasis supplied).
The right to counsel in such cases is a fundamental right under the due process clauses of the Constitution of the United States and the Florida Constitution. In re L.N., 814 So.2d at 1143-44. To fulfill these constitutional requirements, the trial court, first, must inform the parent of the right to counsel. If the parent wishes to waive that right, the trial court must next establish that the waiver is knowingly and intelligently made. In Interest of R.K., 535 So.2d 312, 314 (Fla. 2d DCA 1988). Finally, under the statute the trial court must make written findings *1106 with respect to the waiver or appointment of counsel, and a waiver of counsel must be of record.
It is clear from the record that the trial court failed to appoint counsel for T.M.W., and failed to make written findings indicating that T.M.W. waived that right. We suspect that the trial court did so because this was a private TPR proceeding, rather than a proceeding commenced by the Department of Children and Family Services. The statute requiring the appointment of counsel for indigent persons, however, does not make that distinction.
In M.E.K. v. R.L.K., 921 So.2d 787 (Fla. 5th DCA 2006), this court held that judicial termination of parental rights in a privately initiated involuntary adoption proceeding under Chapter 63, Florida Statutes, is state action that is sufficient to trigger due process protections to an indigent parent. See also M.L.B. v. S.L.J., 519 U.S. 102, 117 n. 8, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996) (noting that whether a parental termination proceeding is brought by a state agency or a private party as a prelude to adoption, "the challenged state action remains essentially the same: ... imposition of an official decree extinguishing, as no power other than the State can, [the] parent-child relationships"); cf., A.J. v. K.A.O., 951 So.2d 30, 33 (Fla. 5th DCA 2007) (reiterating that because termination proceedings under Chapters 39 and 63 both involve state infringement of a fundamental right, the same safeguards applicable to Chapter 39 proceedings apply to private adoption cases under Chapter 63). We see no reason why the same reasoning does not apply to a Chapter 39 private termination action. Thus, we conclude that T.M.W. was entitled to appointed counsel, and the failure of the court to make such an appointment is reversible error.
We address the standing issue because it is likely to be raised in further proceedings in this case. T.M.W. was the named defendant in the case. The mother alleged that he was the father of the child. There is in the record a final judgment of paternity declaring that T.M.W. is the father of the child. We conclude that T.M.W. had standing to contest the termination of his own parental rights.
Accordingly, we reverse the order terminating T.M.W.'s parental rights to J.A.C., and remand for a new termination hearing at which time the trial court shall consider the request for appointed counsel and make written findings in that regard.
REVERSED and REMANDED.
LAWSON and COHEN, JJ., concur.