GERBER, J.
The mother argues that her rights to due process and to a hearing by a fair and impartial judge were violated when the judge who ordered the Department of Children and Families to file a petition for termination of parental rights was the same judge who heard the termination trial and decided the termination petition. We conclude that the appellant’s right to due process and to a fair and impartial judge were not violated through this procedure. Cf. In the Interest of J.R.T., 427 So.2d 251, 252-53 (Fla. 5th DCA 1983) (a court has the authority to order the filing of a petition for termination of parental rights; “To hold that [the Department] alone could initiate termination proceedings would be to permit the [Department] to restrict and frustrate the inherent and statutory authority of the court to protect the welfare of minor children.”); Lisa K. v. Ariz. Dep’t of Econ. Sec., 230 Ariz. 173, 281 P.3d 1041, 1046-48 (2012) (permitting a judge both to direct the filing of a motion to terminate a mother’s parental rights and to preside over the termination hearing is not the equivalent of permitting a judge to order a criminal trial and also to preside over the trial, essentially permitting the judge to act as both prosecutor and trier of fact, where many procedural protections exist to ensure that termination is not a foregone conclusion once the judge directs the filing of a motion to terminate).
Affirmed.
DAMOORGIAN, C.J., and LEVINE, J., concur.