490 So.2d 175 (1986)
In re Interest of C.W., a Child.
Dori Alaine Salas WHITE, Appellant,
v.
DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES, Appellee.
No. 85-1641.
District Court of Appeal of Florida, Fifth District.
June 19, 1986.
R. William Lyng, III, Kissimmee, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Shirley A. Walker, Asst. Atty. Gen., Tallahassee, for appellee.
COBB, Chief Judge.
This is an appeal from an order adjudicating a child, C.W., born May 5, 1985, dependent and placing him in the foster care of the Department of Health & Rehabilitative Services. The allegations in the petition filed by HRS were:
1. Between July 18, 1985 and July 29, 1985, [C.W.] lost weight measuring 3 1/2oz. The weight loss was due to improper feeding by child's mother, Dori White.
2. [C.W.] was hospitalized for failure to thrive in Humana Hospital on 7/29/85. Upon the child's discharge on August 9, 1985 [C.W.] had gained approximately 1 pound in body weight. Dr. Esdras Filart, M.D., found no organic cause for the above mentioned weight loss.
3. Even though the child has gained weight on soybean based formulas, Dori White states that she will discontinue the soybean based formula when the child is returned to her custody.
On September 6, 1985, an adjudicatory hearing was held. Following the taking of testimony, the court found the foregoing allegations to be sustained by the evidence, adjudicated the child dependent, and placed him in the temporary custody of H.R.S. for an indeterminate period. The court's order required the parents to enter into a performance agreement, have a mental health assessment, and follow the recommendations of H.R.S.
*176 Under Florida law, a dependent child is one who has been abandoned, abused or neglected by his parents or other custodians. § 39.01(9)(a), Fla. Stat. (1985). Here, there is no contention of abuse or abandonment. "Neglect" is defined by section 39.01(27), Florida Statutes, which states in pertinent part:
"Neglect" occurs when the parent or legal custodian of a child or, in the absence of a parent or legal custodian, the person primarily responsible for the child's welfare deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment or permits a child to live in an environment when such deprivation or environment causes the child's physical, mental, or emotional health to be significantly impaired or to be in danger of being significantly impaired. The foregoing circumstances shall not be considered neglect if caused primarily by financial inability unless services for relief have been offered and rejected... .
In the instant case, the only evidence presented is that the child's mother fed the child two percent fat milk rather than formula, thus apparently leading to the child's weight loss. There is no evidence that the child has been willfully deprived of food, medical treatment or shelter. The trial court's findings merely parrot the allegations contained in the petition for dependency, which was insufficient on its face. Two of the court's findings, that the child was hospitalized for failure to thrive and that the child's mother stated that she will not feed formula to the child if he is returned to her custody, are contrary to the evidence presented.
The state has failed to show by a preponderance of the evidence[1] that this child is neglected so as to be declared dependent and placed in a foster home. The evidence is simply that the mother, through lack of education and experience, rather than through neglect and mistreatment, has failed to provide what the state considers adequate feeding for the baby. This case is an example of administrative overkill which is not supported by the evidence. There is no indication that the child could not be monitored at home, as it was prior to its being declared dependent, to ensure that the mother complies, as she has indicated to all witnesses she would, with the feeding program. Accordingly, the order of dependency and the disposition order entered herein are reversed.
REVERSED.
SHARP and COWART, JJ., concur.
NOTES
[1] Section § 39.408(2)(b), Fla. Stat. (1985); In Interest of L.T., 464 So.2d 201 (Fla. 5th DCA 1985).