568 So.2d 1314 (1990)
Lenorris HARDY, et ux., Appellants,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 89-1735.
District Court of Appeal of Florida, Fifth District.
October 25, 1990.
*1315 J. Scott Lanford of J. Scott Lanford, P.A., Melbourne, for appellants.
No appearance for appellee.
McNEAL, R.T., Associate Judge.
Appellants, the parents of L.H., a threeyear-old boy, appeal from a final order adjudicating their son dependent and placing him in the temporary care and custody of the Department of Health and Rehabilitative Services (H.R.S.) for placement in foster care. Appellants argue that there was no evidence of neglect and that the order adjudicating the child dependent failed to set forth a supporting factual basis required by section 39.409(3), Florida Statutes (1987). We affirm the orders of the trial court.
L.H. was diagnosed by the state's expert, a pediatrician, as suffering from "parental neglect syndrome," commonly referred to as nonorganic failure to thrive. Even considering the child's premature birth and small parents, the doctor found that the child had not grown normally, and as a result, the child's condition was potentially dangerous. Because testing ruled out organic factors, he concluded that the child was not being fed adequately and did not have a nurturing environment. Three other doctors who had treated L.H. testified that the child was small for his age and expressed concern over the child's weight. At one time, the child lost weight between exams. Two of the doctors reported that the parents failed to keep follow-up visits to monitor the child's condition. These doctors confirmed that the child's weight gain was below what should be expected.
The only way to confirm a diagnosis of nonorganic failure to thrive is to place the child in a more nurturing environment and see if the child begins to grow. If so, the subsequent growth confirms the diagnosis. After L.H. was removed from his parents' home, he gained 24 ounces and grew two inches over the next seven months. At the time L.H. was removed, he was 22 months old and weighed 18 pounds.
*1316 A dependent child is one who has been abandoned, abused, or neglected by his parents or custodians. § 39.01(10)(a), Fla. Stat. (1987). The trial court found no evidence of abandonment or abuse. Neglect is defined in section 39.01(27), Florida Statutes, which provides in part that a child is considered neglected "when a parent ... permits a child to live in an environment when such ... environment causes the child's physical ... health to be in danger of being significantly impaired." See E.H. v. Department of Health & Rehabilitative Services, 443 So.2d 1083 (Fla. 3d DCA 1984) (finding this language was not unconstitutionally vague). This law was designed to protect children in need of services in a variety of circumstances. Id. at 1084. This language clearly applies to parents who allow their child to be deprived of the essentials of life, like food, or permit the child to live in an environment where the child's physical health is in danger of being significantly impaired. In the Interest of D.J.S. & J.S.G., 563 So.2d 655 (Fla. 1st DCA 1990). Neglect must be established by a preponderance of evidence. In the Interest of C.W., 490 So.2d 175 (Fla. 5th DCA 1986); § 39.408(2)(b), Fla. Stat. (1987).
Because the inadequate weight gain occurred in the home in the custody of his parents and because his condition was potentially dangerous, there was sufficient, competent evidence to support the trial court's conclusion that the child was dependent. In an order dated July 11, 1989, on the adjudicatory hearing, the trial court outlined the evidence, adjudicated the child dependent, and scheduled the case for a dispositional hearing. The court's order on the dispositional hearing dated August 1, 1989, from which this appeal was taken, did not restate the factual basis for the court's finding of dependency. The failure to do so did not violate section 39.409(3), Florida Statutes (1987).
The order of the trial court is AFFIRMED.
HARRIS, J., concurs.
PETERSON, J., concurs specially with opinion.
PETERSON, Judge, concurring specially.
I concur with the result reached by the majority, but I feel the need to distinguish this case from Williams v. Department of Health and Rehabilitative Services, 568 So.2d 995 (Fla. 5th DCA 1990). Both cases originated before the same trial court.
In the order entered pursuant to the adjudicatory hearing required by section 39.408(2), Florida Statutes (1987), the court in the instant case complied with section 39.409(3) by providing specific factual findings in the adjudicatory hearing. The factual findings were not repeated in the disposition order entered pursuant to section 39.408(3), nor was reference made to the order previously entered in the section (2) hearing. While I believe that the better practice for courts is to place findings in each of the orders or, at the very least, to incorporate by reference earlier findings into later orders, the instant record does include written reviewable findings by the trial court. Such findings allowed the court in this case to review the findings by the trial court. The Williams case had no findings that could be reviewed on appeal.