568 So.2d 995 (1990)
Margaret WILLIAMS and Robert Williams, Appellants,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
Nos. 89-1822, 89-1823.
District Court of Appeal of Florida, Fifth District.
October 25, 1990.
*996 Bennett R. Ford, Jr., Titusville, for appellants.
Robert A. Butterworth, Atty. Gen., and Kathleen E. Moore, Asst. Atty. Gen., Tallahassee, for appellee.
PETERSON, Judge.
The natural father and mother of R.W. separately appeal an order of adjudication of dependency pursuant to section 39.409(3), Florida Statutes (1987). The two cases were consolidated for purposes of this appeal, and we reverse and remand both.
On August 10, 1989, an "Order of the Court" was entered which appears to be an order resulting from a disposition hearing pursuant to section 39.408(3), Florida Statutes (1987). The one-page order deals mostly with prospective requirements, including an award of temporary care, custody, and control to the Department of Health and Rehabilitative Services (H.R.S.) for placement in foster care, custodian consent for medical services, visitation conditions, counseling for the parents, and reservation of jurisdiction. The remaining portions state:
The court, having considered the reports submitted by... [H.R.S.] and having conferred with all parties present [the parties present being specifically named], finds that the child continues to be dependent.
IT IS THEREUPON ORDERED that:
1. The child ... be, and he is hereby adjudicated a dependent child... .
Section 39.409(3), provides:
If the court finds that the child named in a petition is dependent, but shall elect not to proceed under subsection (2) [i.e., have the child remain in the home with supervision], it shall incorporate that finding in an order of adjudication entered in the case, briefly stating the facts upon which the finding is made, and the court shall thereafter have full authority under this chapter to provide for the child as adjudicated.
Section 39.41(4)(a) through (c)(3), Florida Statutes (1988 supp.), requires findings in the order of disposition:
(a) If the court commits the child to the temporary legal custody of the department, the disposition order shall include a determination as to whether the department has made a reasonable effort to prevent or eliminate the need for removal of the child from his home. If the child has been removed prior to the disposition hearing, the order shall also include a determination as to whether, after removal, the department has made a reasonable effort to reunify the family. The department shall have the burden of demonstrating that it has made reasonable efforts pursuant to this subsection.
(b) For the purposes of this subsection, the term "reasonable effort" means the exercise of reasonable diligence and care by the department and assumes the availability of appropriate services to meet the needs of the child and family.
(c) In support of its determination as to whether reasonable efforts have been made, the court shall:
1. Enter findings as to whether or not prevention or reunification efforts were indicated;
2. If prevention or reunification efforts were indicated, include a brief description of what appropriate and *997 available prevention and reunification efforts were made; and
3. Indicate why further efforts could or could not have prevented or shortened the separation of the family.
None of these legislative requirements were met in the instant case. Although the child had been removed from his home prior to the adjudicatory hearing, the order of adjudication contains no findings of fact. Neither does the order of disposition. Ignoring for the moment that statutory law dictates such findings, it is difficult, if not impossible, to review the basis upon which the trial court arrived at its determination of dependency in the absence of those findings. The evidence presented at the adjudicatory hearing required the court to determine whether, through excessive means of corporal punishment, the parents abused their child within the definitions of sections 39.01(2) and 39.01(10)(a), Florida Statutes (1988 supp.), which provide:
(2) "Abuse" means any willful act that results in any physical, mental, or sexual injury that causes or is likely to cause the child's physical, mental, or emotional health to be significantly impaired.
(10) "Child who is found to be dependent" means a child who, pursuant to this chapter, is found by the court:
(a) To have been abandoned, abused, or neglected by his parents or other custodians.
An order of adjudication requires specific findings of fact. In Interest of D.M.S., 528 So.2d 505 (Fla. 2d DCA 1988). The instant order cannot be salvaged as was the order that tracked the facts in the petition of dependency in Castellanos v. Department of Health and Rehabilitative Services, 545 So.2d 455 (Fla. 3d DCA 1989). Also, it cannot be salvaged by reference to a previous order as was the case in Hardy v. Department of Health and Rehabilitative Services, 568 So.2d 1314 (Fla. 5th DCA 1990). There is nothing in the instant record to compare with the factual findings in Hardy's adjudicatory order.
We do admit that some legislative dictates requiring specific findings by a court can be overdone and are burdensome, but the requirements in the statutes cited above seem to be logically required. The findings are useful to help parents, counselors, and H.R.S. representatives understand what the court found to be the reasons for dependency and to plan for remedial action. Furthermore, section 39.408(3) requires the court to review the order of adjudication to determine whether "the facts alleged in the petition for dependency were proven in the adjudicatory hearing... ." It is also useful to the court to remind itself why it ruled as it did if it is later necessary to consider whether the adjudication of dependency should be dissolved; written findings of fact might permit the court to reach a decision without having to review the record and attempt to recall how the adjudication decision was made. The findings will also aid a successor judge who must determine the reasoning of a predecessor who is no longer in office, a situation which we suspect exists in the instant case.
Accordingly, the order of adjudication resulting from the disposition hearing is vacated, and the matter is remanded for entry of an order to include findings consistent with the statutory requirements. If the trial judge is no longer in office, we regret that a rehearing may be necessary.
REVERSED and REMANDED.
W. SHARP and GOSHORN, JJ., concur.