RIVKIND, LEONARD, Associate Judge.
Appellants, the parents of C.G. and C.B., appeal from a final disposition order on the petition for dependency filed by the Department of Health and Rehabilitative Services (HRS). We have reviewed the entire record and have concluded there is no substantial competent evidence to support a finding of dependency. We reverse.
When C.G. complained of vaginal irritation, her mother purchased and applied an over-the-counter ointment to the affected area. The home treatment appeared to be working, yet because the irritation persisted for about two weeks, the mother took C.G. to a physician. The physician diagnosed C.G. as having trichomonas, a protozoan which is usually, but not always, transmitted sexually. Thereafter, the family cooperated with the doctor in reporting her .diagnosis to HRS, as the family was anxious to discover the cause of the infection. The family members were tested voluntarily for trichomonas with negative results. The parents sought a second opinion by taking C.G. to a board certified gynecologist who disputed the diagnosis of tricho-monas. The dependency proceeding initiated by HRS was based solely on medical neglect. There were no allegations of sexual abuse. HRS contends that the fourteen day treatment with an over-the-counter medication was enough to meet the definition of neglect abuse found in section 39.01(37), Florida Statutes (1989):
“Neglect” occurs when the parent or legal custodian of a child ... deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment or permits a child to live in an environment when such deprivation or environment causes the child’s physical, mental, or emotional health to be significantly impaired or to be in danger of being significantly impaired.
At best, the testimony presented at the adjudicatory hearing might evidence poor judgment on the part of the mother, but does not justify the conclusion that the failure to seek immediate medical attention “caused the child’s physical, mental or emotional health to be significantly impaired.” The evidence wholly failed to demonstrate a willful deprivation of medical treatment. In the Interest of C.W., 490 So.2d 175 (Fla. 5th DCA 1986). What the evidence does demonstrate is bureaucratic overkill.
Nevertheless, the court removed the minors (C.B. was never even alleged to have been neglected), from their home, away from their parents, and placed them in foster homes for a long period of time. Upon returning the children to their parents, the trial judge withheld adjudication of dependency for C.G., in addition to ordering protective supervision of both children, with an appointed guardian ad litem and direction for family therapy.
The question before the court in a dependency proceeding, whether or not to separate the family, is one of awful moment. Surely, seeking medical attention when it appears that an over-the-counter medication is not curing a non-disabling “itch,” without more, does not support a finding of child neglect and the separation of children from their parents.
The final order is hereby reversed and remanded to the trial court with instructions to dismiss the petition for dependency-
REVERSED.
HERSEY, C.J., and POLEN, J., concur.