649 So.2d 305 (1995)
Christina ASH, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 93-1758.
District Court of Appeal of Florida, Fifth District.
January 24, 1995.
*306 Judith B. Friedland, Orlando, for appellant.
David Veliz, Orlando, for appellee.
DAUKSCH, Judge.
This is an appeal from an order determining children to be dependent. Because the order did not set out written findings of fact to support the order, as required by section 39.409, Florida Statutes (1991) and Rule 8.330(g) Florida Rules of Juvenile Procedure, we must send the case back to the trial court. Although the court did later make written findings, this was done after jurisdiction was lost by the filing of a notice of appeal. Because this case has been on appeal for two years since the appealed order was entered a new hearing is required because the circumstances have undoubtedly changed and perhaps a different result may be warranted. We hasten to admit, regretfully, that one of those two years passed after oral argument was heard in this court.
REVERSED and REMANDED.
W. SHARP, J., concurs.
THOMPSON, J., concurs, with opinion.
THOMPSON, Judge, concurring with opinion.

PROCEDURAL ISSUES
Before discussing the merits of the case, the dates of entry of various orders need to be set forth. The procedural development of this case is convoluted, but will be presented to clarify which orders were pending before this court for review. I recognize that the parents were continuously represented by counsel from the arraignment to the disposition hearing.
HRS filed a petition for dependency on 30 March 1993. At the arraignment hearing held on 1 April 1993, the parents denied the allegations of dependency. HRS filed an amended petition on 1 June 1993, and, on 2 June 1993, the parents of the children appeared before the juvenile court and stipulated to a finding of dependency. The parents did not admit the allegations of the petition, but they signed a consent to dependency to obtain services for their minor children. There was no evidence presented at the hearing and the only evidence before the juvenile judge was the amended petition. On 2 June 1993, the judge rendered an order finding that the parents consented to the court adjudicating the children dependent, but withheld adjudication of dependency and set a disposition hearing for 22 June 1993.
On 22 June 1993, the juvenile judge conducted a disposition hearing. At the hearing, the court file contained the petitions, the Guardian Ad Litem report and a predispositional summary for dependency recommending that the court adjudicate the minor children dependent. Attached to the predisposition summary was a developmental evaluation of G.A., a home study, the statement from G.A.'s shelter mother, child protection team reports and police interviews. Although HRS and the parents made statements, no evidence was presented by either party. The trial court reviewed the file, then orally announced that the children would "be adjudicated dependent within the meaning and intent of Chapter 39 by clear and convincing evidence as enumerated by the predispositional summary, as well as the amended petition for dependency." The trial judge rendered an order of disposition on 24 June 1993 adjudicating the children dependent and placing them in foster care. This order did not contain any written findings. On 22 July 1993, a notice of appeal was filed appealing the 2 June 1993 order of adjudication and the 24 June 1993 order of disposition. The trial court amended the order of adjudication on 16 August 1993. The amended order of adjudication contained written findings of fact, but withheld adjudication of dependency. The trial court also entered the order nunc pro tunc to 2 June 1993. The notice of appeal was not amended to include the amended order and no subsequent notice of appeal was filed.
The only order that was timely appealed, and over which we have jurisdiction, is the order of disposition adjudicating the children *307 dependent entered on 24 June 1993. The parents had 30 days to appeal entry of the order of adjudication rendered 2 June 1993, and they did not. § 39.413, Fla. Stat. (1991); Fla.R.App.P. 9.110; HRS v. Zeigler, 587 So.2d 602, 604 (Fla. 5th DCA 1991) (adjudication of dependency was appealable and should have been challenged by direct appeal within thirty days, therefore, failure to do so left adjudication standing, although defective as a basis for termination of parental rights) (citations omitted); see also, In re Interest of T.M., 614 So.2d 561 (Fla. 1st DCA 1993). The 2 June 1993 order remains as a valid order since the time for appeal expired on 2 July 1993. The notice of appeal as to this order is invalid. Hawks v. Walker, 409 So.2d 524 (Fla. 5th DCA 1982).
The order entered by the juvenile court on 16 August 1993 is a nullity because the juvenile court lost jurisdiction over the case at the time the notice of appeal was filed on 22 July 1993. See Fla.R.App.P. 9.110(b). Absent permission from this court, the juvenile court had no authority to enter any order once the district court obtained jurisdiction by the filing of the notice of appeal. See Fla.R.App.P. 9.600(b); Campbell v. Campbell, 436 So.2d 374 (Fla. 5th DCA 1983) (trial court has no jurisdiction to modify the very order appealed from during the pendency of the appeal) (citing Blum v. Blum, 382 So.2d 52 (Fla. 3d DCA 1980)), review dismissed, 453 So.2d 1364 (Fla. 1984). Further, Ash did not amend her notice of appeal to include this order. The amended order is quashed. Blum, 382 So.2d at 56. The only viable order that can be considered and addressed is the order entered 24 June 1993.

SUBSTANTIVE ISSUES
Ash's argument on appeal is that the juvenile court cannot find that the state proved dependency by clear and convincing evidence without the presentation of witness testimony or sworn documentation. Ash is concerned that the finding by the trial court can be used to terminate her parental rights in a subsequent proceeding without HRS having to present testimony. See In re the Interest of D.F., 602 So.2d 970 (Fla. 1st DCA 1992).
This issue is not addressed because the only viable order before the court did not comply with the rules of juvenile procedure and that non-compliance is dispositive of the appeal.
There are no written findings in the 24 June 1993 order of disposition which adjudicated the children dependent. Written findings are required by statute[1] and by the juvenile rules of procedure.[2] Failure to include written findings is normally considered reversible error. Williams v. HRS, 568 So.2d 995 (Fla. 5th DCA 1990) (order of the court resulting from a disposition hearing which adjudicated child dependent vacated where it lacked the specific findings of fact under sections 39.409(3) and 39.41(4)(a)(c)(3), Florida Statutes); accord Sigafoos v. HRS, 567 So.2d 1053 (Fla. 5th DCA 1990). An exception to this rule is that even if there are no written findings that recite the specific facts upon which a determination of dependency was based, either in the order of adjudication or the order of disposition, an appellate court can review the record and if the documentation is adequate to support the juvenile judge's finding of dependency, the juvenile judge's order will be affirmed. In the Interest of K.S., 558 So.2d 158 (Fla. 1st DCA 1990). In this case, a review of the record does not support the juvenile judge's order absent written findings.
I agree we should reverse the finding of dependency and remand to the juvenile court with instructions to enter written findings as required by sections 39.409(3) and 39.41, Florida Statutes (1991).
NOTES
[1] §§ 39.409(3) & 39.41(4)(a)-(c)(3), Fla. Stat. (1991).
[2] See Fla.R.Juv.P. 8.315(a), .325, & .430.