754 So.2d 879 (2000)
M.E.G., as parent of S.R.G., a Child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D99-2176.
District Court of Appeal of Florida, Fifth District.
April 14, 2000.
Suzanne J. Taylor, Cocoa, for Appellant.
M.E.G., Las Vegas, Nevada, Appellant, pro se.
Daniel P. Faherty of Cianfrogna, Telfer, Reda, Faherty & Anderson, P.A., Cocoa, for Appellee.
COBB, J.
Appellant, M.E.G., mother of S.R.G., a child, appeals from an order terminating *880 parental rights. Because a serious irregularity occurred in the dependency proceeding which formed the basis for this termination action, we are compelled to reverse.
An amended dependency petition was filed alleging S.R.G. had been abandoned, abused or neglected. Appellant denied the allegations of the petition and a dependency hearing was held on June 22, 1995. At the conclusion of the hearing, Judge Rainwater indicated that the allegations of dependency had been proven by a preponderance of the evidence. The court announced it would withhold adjudication of dependency and ordered a home study. The court instructed the Department's counsel to prepare an order reflecting the court's findings of fact.
Judge Rainwater entered an order on September 12, 1995 (nunc pro tunc to June 22, 1995) on adjudicatory hearing finding that appellant had improperly allowed S.R.G. to be in the presence of a naked male stranger, improperly kept the child out of school and exposed the child to rituals which endangered the child's emotional health. Adjudication of dependency was withheld pending receipt of a predisposition study.
The disposition hearing was also held on September 12, 1995. The order/minutes of the disposition hearing reflect that Judge Rainwater adjudicated S.R.G. to be dependent, ordered a case plan to be prepared, and instructed the Department's counsel to prepare a disposition order with findings. The record does not contain a disposition order and apparently none was ever entered by Judge Rainwater.
A case plan was effectuated and ultimately a petition for termination of parental rights filed. This petition, filed by the maternal grandparents, alleged that S.R.G. had previously been adjudicated dependent, that a case plan had been entered and that appellant failed to comply with said case plan.
A termination hearing was held before Judge Evander. During this hearing, the order on adjudicatory hearing was entered into evidence. Appellant sought to challenge the findings made by Judge Rainwater relative to dependency. The following exchange occurred:
[MOTHER]: I would like to see proof of what [Judge Rainwater] did find. There is no proof.
THE COURT: That's the court order in evidence already.
[MOTHER]: I understand. There was never any proof.
THE COURT: I haveLike I said before, this went to trial. Judge Rainwater heard the evidence. Judge Rainwater made the findings. Those findings were not appealed. That's a matter that the Court is accepting. I am not going to retry the case four years later.
This court is obligated to accept what Judge Rainwater found. Go to the next point.
[MOTHER]: Your Honor, I believe a mistake has been made on that and can be prejudicing this Court.
THE COURT: Proceed with your testimony.
On appeal, appellant asserts, inter alia, that because a disposition order containing the adjudication of dependency was never entered, she was denied the opportunity to contest the dependency adjudication by way of appeal and then was erroneously precluded from challenging the dependency findings at the termination hearing. We find merit to this argument.[1]
An adjudication of dependency pursuant to Chapter 39, Florida Statutes, may be challenged on appeal either from the order of adjudication or from the subsequent final disposition order. See A.G. v. Department of Children and Family Services, 731 So.2d 1260 (Fla.1999). An order adjudicating a child dependent must contain specific facts supporting the adjudication. See McKenzie v. Department of *881 Health and Rehabilitative Services, 663 So.2d 682 (Fla. 5th DCA 1995).
In the instant case, an order adjudicating S.R.G. dependent containing the requisite findings of fact was never entered by the trial court.[2] Thus, the mother never had an opportunity to contest the dependency adjudication by way of appeal. The prejudice to the mother resulting from this omission is evident where, as here, the trial court accepted and relied on the dependency adjudication at the termination hearing and refused to allow the mother to challenge that adjudication. Compare D.B. v. Department of Children and Families, 742 So.2d 275 (Fla. 1st DCA 1998)(deficient dependency proceeding did not preclude termination where Department did not rely on factual findings of initial dependency determination but rather presented evidence sufficient for a finding of dependency by clear and convincing evidence at the termination hearing).
We reverse the termination order and remand for further proceedings.
REVERSED.
HARRIS, J. and ORFINGER, M., Senior Judge, concur.
NOTES
[1] Appellant's other points on appeal are without merit.
[2] The court could have entered a disposition order adjudicating S.R.G. to be dependent and incorporated therein the findings contained in the order on adjudicatory hearing. See Hardy v. Department of Health and Rehabilitative Services, 568 So.2d 1314 (Fla. 5th DCA 1990). However, this was not done.