760 So.2d 1068 (2000)
K.S., as Parent of M.M., a Child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D99-2613.
District Court of Appeal of Florida, Fifth District.
June 23, 2000.
*1069 Diana K. Simpson of Diana Kilpatrick Simpson, P.A., Ocala, for Appellant.
Joann M. Humburg, Department of Children and Families, Ocala, for Appellee.
PLEUS, J.
K.S., the mother of M.M., appeals an Order on Dispositional Hearing in which the trial court withheld an adjudication of dependency.
This case arose when the Department of Children and Families filed petitions to have M.M. brought into protective custody and declared dependent. M.M. was sheltered with his maternal grandparents and the case was arraigned. The Department thereafter filed an Amended Dependency Petition. M.M.'s father stipulated to a dependency adjudication. An adjudicatory hearing was held at which time the mother tendered a stipulation of dependency. The trial court continued the hearing, stating that it would consider the stipulation at the next hearing. At the second adjudicatory hearing, the court accepted the dependency stipulations of both parents but reserved ruling on the dependency issue until the dispositional hearing. The court ordered a predisposition study and asked to review certain psychological reports.
The Department filed a predisposition report and a disposition hearing was held. Following the hearing, the trial court entered an Order on Dispositional Hearing in which it withheld an adjudication of dependency but ordered that M.M. remain under the Department's protective supervision and in his present placement with his maternal grandparents.
Sections 39.507(5) & (6), Florida Statutes (1999), provide:
39.507 Adjudicatory hearings; orders of adjudication.
* * *
(5) If the court finds that the child named in the petition is dependent, but finds that no action other than supervision in the child's home is required, it may enter an order briefly stating the facts upon which its finding is based, but withholding an order of adjudication and placing the child's home under the supervision of the department. If the court later finds that the parents of the child have not complied with the conditions of supervision imposed, the court may, after a hearing to establish the noncompliance, but without further evidence of the state of dependency, enter an order of adjudication and shall thereafter have full authority under this chapter to provide for the child as adjudicated. If the child is to remain in an out-of-home placement by order of the court, the court must adjudicate the child dependent.

(6) If the court finds that the child named in a petition is dependent, but chooses not to withhold adjudication or is prohibited from withholding adjudication, it shall incorporate that finding in an order of adjudication entered in the case, briefly stating the facts upon which the finding is made, and the court shall thereafter have full authority under this chapter to provide for the child as adjudicated.
*1070 [Emphasis supplied]. The mother correctly contends that the trial court's order fails to comply with section 39.507(5) because the court withheld adjudication and ordered the child to remain in an out-of-home placement. The Department likewise concedes that an out-of-home placement requires a dependency adjudication. The trial court's order is inconsistent with, or a hybrid of, sections 39.507(5) and (6). Additionally, regardless of whether the court intended to withhold the adjudication of dependency, or, under the facts, had no choice but to impose it, the court failed to make the factual findings required by these two statutes. Id. See also, M.E.G. v. Department of Children & Families, 754 So.2d 879 (Fla. 5th DCA 2000) (regarding the importance of factual findings supporting a dependency order).
The mother further contends that the trial court erred by failing to enter a dependency order with the factual findings required by Florida Rule of Juvenile Procedure 8.325(c). This rule provides:
Rule 8.325. Answers and Pleadings
* * *
(c) Admission of or Consent to Dependency. The parent, caregiver, or legal custodian may admit or consent to a finding of dependency. The court shall determine that any admission or consent to a finding of dependency is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of such admission or consent, and that the parent, caregiver, or legal custodian has been advised of the right to be represented by counsel. The court shall incorporate these findings into its order in addition to findings of fact specifying the act or acts causing dependency, by whom committed, and facts upon which the findings are based. If the answer admits the allegations of the petition it shall constitute consent to a predisposition study.
The mother relies upon Ash v. Department of Health & Rehabilitative Services, 649 So.2d 305 (Fla. 5th DCA 1995) in which this court reversed an order determining children to be dependent based upon the trial court's failure to set out factual findings to support the order. Similarly, in In Interest of C.M., 632 So.2d 1093 (Fla. 1st DCA 1994), the court held that the trial court's failure to comply with rule 8.325(c) warranted a reversal of its dependency adjudication and remand of the cause to the trial court with directions that the child's mother be permitted to withdraw her stipulation as to the adjudication and proceed to an adjudicatory hearing. The court reasoned:
... Clearly, the trial court failed to make the necessary determination in the instant case. The record reveals that the trial judge never inquired of the mother whether her stipulation to a finding of dependency was intelligent and voluntary. The mother's mere presence at the disposition hearing did not conclusively establish that the earlier stipulation was knowing and voluntary, nor did it relieve the trial court of its obligation to follow the clear dictates of the rule.
Id.
Lastly, the mother points out that the trial court erred by failing to accept, review, and afford her an opportunity to work on a case plan, as required by subsections 39.508(1), (6), (7) and (9), Florida Statutes (1999). These statutes, in pertinent part, provide:
39.508(1) Disposition hearings; powers of disposition.
(1) At the disposition hearing, if the court finds that the facts alleged in the petition for dependency were proven in the adjudicatory hearing, or if the parents or legal custodians have consented to the finding of dependency or admitted the allegations in the petition, ... the court shall receive and consider a case plan and a predisposition study, which must be in writing and presented by an authorized agent of the department.

*1071 * * *
(6) A case plan and predisposition study must be filed with the court and served upon the parents of the child, provided to the representative of the guardian ad litem program, if the program has been appointed, and provided to all other parties not less than 72 hours before the disposition hearing. All such case plans must be approved by the court. If the court does not approve the case plan at the disposition hearing, the court must set a hearing within 30 days after the disposition hearing to review and approve the case plan.
(7) The initial judicial review must be held no later than 90 days after the date of the disposition hearing or after the date of the hearing at which the court approves the case plan, whichever occurs earlier, but in no event shall the review be held later than 6 months after the date of the child's removal from the home.
* * *
(9)(a) When any child is adjudicated by a court to be dependent, the court having jurisdiction of the child has the power, by order, to:
* * *
5.a. When the parents have failed to comply with a case plan and the court determines at a judicial review hearing, or at an adjudication hearing held pursuant to this section, that neither reunification, termination of parental rights, nor adoption is in the best interest of the child, the court may place the child in the long-term custody of an adult relative or other adult approved by the court willing to care for the child, if all of the following conditions are met:
(I) A case plan describing the responsibilities of the relative or other adult, the department, and any other party must have been submitted to the court.
(II) The case plan of the child does not include reunification with the parents or adoption by the relative or other adult.
* * *
8.b. In cases where the issue before the court is whether a child should be reunited with a parent, the court shall determine whether the parent has substantially complied with the terms of the case plan to the extent that the safety, well-being, and physical, mental, and emotional health of the child is not endangered by the return of the child to the home.
Specifically, the mother asserts that the trial court failed to 1) accept or review a case plan submitted on her behalf; 2) determine whether she had substantially complied with a case plan; and 3) find that "neither reunification, termination of parental rights, nor adoption is in the best interest of the child" before it placed the child in the long-term custody of his maternal grandparents.
The record shows that the Department served the mother with a Long Term Stable Relative Placement Plan on July 26, 1999. The trial court accepted the plan at the disposition hearing on August 10, 1999. Thus, a case plan was filed with the court and served upon the mother not less than 72 hours before the disposition hearing. § 39.508(1) & (6). However, the court did not approve the plan, as required by section 39.508(6). Further, the court did not determine whether the mother had complied with the plan before placing the child in the long-term custody of his maternal grandparents. See § 39.508(9)(a)5.a. & 8.b.
Based upon the numerous procedural errors, the trial court's Order on Dispositional Hearing is reversed and the cause remanded with directions to the court to revisit the issues of adjudicating M.M. dependent and placing him in an out-of-home placement, in accordance with rule 8.325 and sections 39.507(5) and (6). Following *1072 any adjudication by the court, the court shall also comply with the disposition directives of section 39.508.
We are mindful of the hectic overload of judges in juvenile divisions and the desire to expedite the cases. However, these concerns should not serve as an excuse to ignore established procedures in the rules and statutes.
REVERSED; REMANDED.
HARRIS and PETERSON, JJ., concur.