766 So.2d 1259 (2000)
L.B., As Parent of L.B. and L.P.G., Children, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D99-3351.
District Court of Appeal of Florida, Fifth District.
September 29, 2000.
Thomas C. Greene, Sanford, for Appellant.
James A. Sawyer, Jr., Orlando, for Appellee.
PER CURIAM.
L.B., mother of L.B. and L.P.G. appeals from an order declaring her children to be dependent. She correctly contends that the order is deficient because it fails to set forth findings of fact upon which the order is based.
Section 39.507(6), Florida Statutes (1999) requires that in adjudicating a child dependent, a trial judge shall state in the order the facts upon which the finding is made. Florida Rule of Juvenile Procedure 8.330(g) similarly requires the trial court to specify the facts upon which a finding of dependency was made. See M.E.G. v. Department of Children and Families, 754 So.2d 879 (Fla. 5th DCA 2000); McKenzie v. Department of Health & Rehabilitative Services, 663 So.2d 682 (Fla. 5th DCA 1995). Admittedly, no such findings of fact were incorporated into the dependency order appealed from.
The order appealed from is quashed, and the cause is remanded to the trial court for further proceedings consistent herewith. If the senior judge who entered the order is available and has sufficient recollection of the evidence, the order appealed from may be supplemented by findings of fact which support its conclusion and should likewise comport with Rule 8.330(g). If the senior judge is unable to reconstruct the record or is unavailable, a new hearing shall be held.
ORDER QUASHED and REMANDED.
W. SHARP, and HARRIS, JJ., and ORFINGER, M., Senior Judge, concur.