780 So.2d 965 (2001)
J.C.G., as Parent of A.G. and J.G., Children, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D00-1964.
District Court of Appeal of Florida, Fifth District.
March 2, 2001.
Rehearing Denied March 30, 2001.
*966 Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
James A. Sawyer, Jr., Orlando, for Appellee.
PALMER, J.
John Gallagher ("father") appeals the final order adjudicating his two children dependent. We vacate the order and remand for further proceedings.
The trial court adjudicated the children dependent as to the father on the basis of abandonment. During the adjudicatory hearing, the trial court heard conflicting testimony as to the extent to which the father had provided support for and spent time with the children. At the conclusion of the hearing, the trial court adjudicated the children dependent and entered a written order stating that the father had "abandoned the children." Unfortunately, the order failed to set forth any factual findings as to abandonment.
Section 39.507(6) of the Florida Statutes (1999) requires the trial court to set forth findings of fact which support the adjudication of dependency:
39.507 Adjudicatory hearings; orders of adjudication.
* * *
(6) If the court finds that the child named in a petition is dependent, but chooses not to withhold adjudication or is prohibited from withholding adjudication, it shall incorporate that finding in an order of adjudication entered in the case, briefly stating the facts upon which the finding is made....
Rule 8.330(g) of the Florida Rules of Juvenile Procedure sets forth a similar requirement:
Rule 8.330. Adjudicatory Hearings
* * *
(g) Findings and Orders. In all cases in which dependency is established, the court shall enter a written order stating the legal basis for a finding of dependency, specifying the facts upon which the finding of dependency is based, and stating whether the court made the finding by a preponderance of the evidence or by clear and convincing evidence.
Our court has consistently held that, in cases where the trial court has failed to set forth findings to support its dependency adjudication, the order must be vacated and the matter remanded with instructions to the trial court to provide such findings. L.B. v. Department of Children and Families, 766 So.2d 1259 (Fla. 5th DCA 2000); Ash v. Department of Health & Rehabilitative Services, 649 So.2d 305 (Fla. 5th DCA 1995); Sigafoos v. Department of Health & Rehabilitative Services, 567 So.2d 1053 (Fla. 5th DCA 1990). In explaining the rationale for so ruling, our court has explained:
Ignoring for the moment that statutory law dictates such findings, it is difficult, if not impossible, to review the basis upon which the trial court arrived at its determination of dependency in the absence of those findings.
Williams v. Department of Health & Rehabilitative Services, 568 So.2d 995, 997 (Fla. 5th DCA 1990). The Williams court further emphasized the importance of written findings as follows:
We do admit that some legislative dictates requiring specific findings by a court can be overdone and are burdensome, but the requirements in the statutes cited above seem to be logically required. The findings are useful to *967 help parents, counselors, and H.R.S. representatives understand what the court found to be the reasons for dependency and to plan for remedial action. Furthermore, section 39.408(3) requires the court to review the order of adjudication to determine whether "the facts alleged in the petition for dependency were proven in the adjudicatory hearing...." It is also useful to the court to remind itself why it ruled as it did if it is later necessary to consider whether the adjudication of dependency should be dissolved; written findings of fact might permit the court to reach a decision without having to review the record and attempt to recall how the adjudication decision was made. The findings will also aid a successor judge who must determine the reasoning of a predecessor who is no longer in office, a situation which we suspect exists in the instant case.
Id. This case law supports the father's claim that the instant matter must be remanded with instructions to the trial court to provide written reasons explaining its finding of dependency.
The Department of Children and Families ("DCF") maintains that the trial court's failure to set forth written findings constitutes harmless error because the evidence of record is adequate to support the court's ruling. We reject DCF's claim of harmless error. Florida law mandates that, where no findings of fact are provided to support the adjudication of dependency, the matter must be remanded with instructions to the trial court to provide such findings.
The father's argument that DCF failed to present sufficient evidence to sustain its burden of proof is also rejected. If found credible by the trial court, the evidence which was presented at the hearing would be sufficient to support a finding of dependency. The father's argument that section 39.01(1) of the Florida Statutes which defines "abandonment" is unconstitutionally vague and overbroad is also rejected.
Accordingly, we vacate the instant adjudication order and remand this matter to the trial court for further proceedings consistent herewith.
ORDER VACATED and CAUSE REMANDED.
THOMPSON, C.J., and HARRIS, J., concur.