785 So.2d 1240 (2001)
M.B., As Parent of A.F., A Child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D00-2722.
District Court of Appeal of Florida, Fifth District.
May 25, 2001.
*1241 Nickole E. Frederick, Orlando, for Appellant.
James A. Sawyer, Jr., Department of Children and Families, Orlando, for Appellee.
PER CURIAM.
M.B. appeals an order finding her son, A.F., to be dependent and the disposition order placing her son with his father. We vacate the orders as well as the order terminating supervision by the Department of Children and Families (DCF), terminating supervision by the court, and discharging the guardian ad litem (GAL).
M.B. and her three children, including A.F., lived with her parents. A.F. was having difficulty digesting his formula and M.B. substituted evaporated milk, cereal, fruit, rice, water, and apple juice as she had successfully done with her other two children. Unfortunately, A.F. did not respond in the same manner and suffered weight loss and diarrhea.[1] M.B. called a physician about the diarrhea and was told the name of a product to administer to prevent dehydration and was given an appointment four days later. Two days later, the father learned about the problem from M.B., took the child to a clinic, and was told that A.F. needed hospitalization. The father and M.B. complied and had the child admitted.
A physician attributed A.F.'s weight loss to the mother's poor education and lack of knowledge of nutritional requirements of a child. He also noted a urinary tract infection that did not result from a lack of care. M.B. stayed at the hospital with her child, attended to his needs, and successfully completed a parenting class offered by the hospital.
After being treated in the hospital for about one week, A.F. was scheduled to return home when DCF advised M.B. that A.F. was going to be removed from her custody. Thereafter, the child was placed with M.B.'s parents, then ultimately with the father at a disposition hearing.
The trial court committed several errors during the hearing that require reversal. More specifically, we find the trial court erred in:
1. Holding that A.F. was a dependent child. The instant case is similar to In the Interest of C.W., 490 So.2d 175 (Fla. 5th DCA 1986) where the child suffered a temporary set-back as a result of the mother's lack of education and experience, rather than through the neglect and mistreatment prohibited by section 39.01(14)(a), Florida Statutes. There is no indication that A.F. could not have been monitored at home to ensure M.B. would comply with a case plan and feeding program.
2. Waiving the preparation and filing of a case plan. A case plan is required *1242 to be filed with the court, served upon a parent, and provided to the GAL within 72 hours before the disposition hearing. See Fla. Stat. § 39.508(1), (6), (9)(d) (2000); Fla. R. Juv. P. 8.400(a).
3. Failing to schedule a review hearing within 90 days after acceptance of case plan. See Fla. Stat. § 39.508(7); Fla. R. Juv. P. 8.410(e).
4. Allowing the predisposition report to be amended at the disposition hearing in violation of section 39.508(1) and (6) Florida Statutes, which requires the report to be served on the parents and the GAL within 72 hours of the hearing in order to allow time for legal representation and eliminate an ambush. Here, an ambush took place when the original disposition report which was served on M.B. two weeks before the hearing indicated that M.B.'s parents would continue caring for A.F. while M.B. worked on her case plan, then, the court allowed DCF to amend the report at the hearing declaring that placement would be with the father.
5. Failing to require DCF to file a completed home study on the father before awarding custody to the father. See J.W.S. v. G.H., 766 So.2d 390, 391 (Fla. 1st DCA 2000).
6. Discharging the GAL before having received the Guardian's written report.
The deficiency in following the correct procedure required by Chapter 39, Florida Statutes, by both DCF and the court requires us to remand with instructions to start the process over again at the point of allowing DCF to renew its petition for dependency if it wishes to do so, offering a case plan to M.B., and obtaining the appropriate reports. In view of the absence of a home study on the father, the court shall also order the return of A.F. to M.B.'s parents while the matter is pending and while strict compliance with Chapter 39 is being exercised.
ORDERS VACATED; REMANDED.
PETERSON, GRIFFIN and SAWAYA, JJ., concur.
NOTES
[1] Although M.B. indicated that A.F. was teething during this time period, there was no evidence in the record as to the cause of the diarrhea, which had only existed for one day before M.B. called a physician.