787 So.2d 973 (2001)
S.L., Father of A.P., a Child, Appellant,
v.
DEPT. OF CHILDREN AND FAMILIES, Appellee.
No. 5D00-2832.
District Court of Appeal of Florida, Fifth District.
June 29, 2001.
Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
James A. Sawyer, Jr., Department of Children of Families, Orlando, for Appellee.
PLEUS, J.
The father challenges an order finding his son dependent as to him based on his having spanked his son with a belt. The trial court's order adjudicating dependency contains the following: "The Court further finds the following brief statement of facts to be true: intentional acts resulting in temporary disfigurement has placed the child." [sic].
The Department of Children and Families concedes that under the case law of this district, these findings were inadequate. L.B. v. Department of Children *974 and Families, 766 So.2d 1259 (Fla. 5th DCA 2000); K.S. v. Department of Children and Families, 760 So.2d 1068 (Fla. 5th DCA 2000); M.E.G. v. Department of Children and Families, 754 So.2d 879 (Fla. 5th DCA 2000). Florida Rule of Juvenile Procedure 8.330(g) states:
In all cases in which dependency is established, the court shall enter a written order stating the legal basis for a finding of dependency, specifying the facts upon which the finding of dependency is based, and stating whether the court made the finding by a preponderance of the evidence or by clear and convincing evidence.
Setting forth the factual basis of the dependency finding is of particular importance in the instant case where the corporal punishment, a spanking, is authorized by law, but the spanking in question was alleged to have been administered in an excessively harsh or inappropriate manner. The determination of whether corporal punishment is excessive or abusive requires an evaluation which considers the age of the child, the prior history of injuries to the child, the location of the injury on the child, the multiplicity of the injury, and the type of trauma inflicted. It also must result in the types of injuries set forth by law, such as significant bruises or welts. § 39.01(30)(a)(4), Fla. Stat. (2000).
This court is aware of the delicate balance between the fundamental rights of parents to raise and discipline their children and the need to protect children from abuse. Most corporal punishment, even that which is not excessive, produces temporary marks of some kind. It is virtually impossible on appeal to evaluate the trial court's decision that the corporal punishment was excessive when the trial court does not comply with the Rules of Juvenile Procedure.
We reverse the dependency order and remand for further proceedings consistent herewith.
REVERSED; REMANDED.
SHARP, W., J., concurs.
ORFINGER, R.B., J., concurs in result only.