813 So.2d 200 (2002)
T.M., Mother of A.S., B.S., Z.S., A.S., etc., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D01-2332.
District Court of Appeal of Florida, Fifth District.
March 28, 2002.
*201 Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
Eric D. Dunlap, Deputy Chief Legal Counsel for Department of Children and Families, Orlando, for Appellee.
PALMER, J.
T.M. (mother) appeals the final order entered by the trial court adjudicating four of her children dependent. We agree with the mother that the trial court erred in failing to set forth findings of fact to support the adjudication. Accordingly, we vacate the order and remand this matter for entry of a proper order.
Section 39.507(6) of the Florida Statutes (1999) requires the trial court to set forth written findings of fact which support an adjudication of dependency. Rule 8.330(g) of the Florida Rules of Juvenile Procedure sets forth a similar requirement. Our court has consistently held that in cases where the trial court has failed to set forth written findings to support its dependency adjudication, the matter must be vacated and remanded with instructions to the trial court to provide such findings. J.C.G. v. Dep't of Children & Families, 780 So.2d 965 (Fla. 5th DCA 2001); L.B. v. Dep't of Children & Families, 766 So.2d 1259 (Fla. 5th DCA 2000).
Here, the trial court set forth written findings explaining the reasons why the children were dependent as to the father. However, as for the mother, the trial court stated on the record its finding that the mother's conduct constituted abandonment sufficient to warrant a finding of dependency, but the court failed to set forth these findings in the dependency order. While the evidence of record is sufficient to sustain the court's ruling, the instant matter must be remanded with instructions to the trial court to provide written reasons supporting its finding of dependency. See J.G. v. Dep't of Children & Families, 801 So.2d 309 (Fla. 5th DCA 2001)(holding that although the court disagreed with the father's contention that the evidence introduced during the dependency hearing was insufficient to support a finding of dependency, the adjudication order was vacated and the cause remanded because the trial court failed to set forth sufficient written finding to support its dependency adjudication).
Order VACATED; cause REMANDED.
THOMPSON, C.J., and SAWAYA, J., concur.