945 So.2d 612 (2006)
R.P., the Father, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 4D06-3492.
District Court of Appeal of Florida, Fourth District.
December 20, 2006.
Kenneth B. Williams, Coral Springs, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeffrey P. Bassett, Assistant Attorney General, Fort Lauderdale, for appellee.
WARNER, J.
R.P., the father, appeals the final order adjudicating his daughter, R.C., dependent. Because the order of adjudication was simply a verbatim recitation of the allegations of the Department of Children and Families' petition, many of which were unsupported by any evidence at trial and conflicted with the trial court's oral findings at the hearing, we vacate the order and remand for further proceedings.
At the conclusion of the adjudicatory hearing, the trial court found the child dependent as to the father on the grounds of abandonment, imminent threat of neglect, and imminent risk of harm or physical abuse by the father. However, the court also found that the Department failed to satisfy its burden of proving that the father physically abused the child. The trial court directed the Department's lawyer to prepare the order of adjudication. The "findings of fact" set forth in the order of adjudication were taken verbatim from the allegations in the dependency petition. Unfortunately, many of *613 those allegations were never proven at trial, and others were specifically rejected by the trial court in its oral ruling.
Section 39.507(6), Florida Statutes (2005), generally requires the trial court to set forth the facts upon which a finding of dependency is made. Likewise, Florida Rule of Juvenile Procedure 8.330(g) requires that in all cases in which dependency is established, the court must enter a written order stating the legal basis for a finding of dependency and specifying the facts upon which the finding of dependency is made.
In this case, the order of adjudication[1] fails to meet that standard. Where, as here, the order of adjudication merely repeats the allegations of the dependency petition as findings of fact, which appear in many respects unrelated to the actual evidence presented, the court has not complied with the statute. While the Department may have offered sufficient evidence to sustain its burden of proof, we are unable to determine from the written order of adjudication what facts the trial court actually relied upon in support of the finding of dependency where there was conflicting evidence presented, particularly as to the issues of neglect and abandonment.
Therefore, we vacate the adjudication order and remand this case to the trial court to enter an order of adjudication in compliance with section 39.507(6) and based on the evidence presented at the adjudicatory hearing. See J.C.G. v. Dep't of Children & Families, 780 So.2d 965 (Fla. 5th DCA 2001) (while there was sufficient evidence to support a finding of dependency, Florida law mandates that, where no findings of fact are provided to support the adjudication of dependency, the matter must be remanded with instructions to the trial court to provide such findings).
Reversed and remanded.
POLEN and GROSS, JJ., concur.
NOTES
[1] We recognize that the trial court rendered a second order of adjudication, which did not include some of the findings of fact which were completely unsupported by the evidence. However, the subsequent order of adjudication was rendered after the notice of appeal had already been filed, and therefore the trial court would not have had jurisdiction to enter it where its purpose was to amend or clarify the prior order of adjudication. Since the order did not state what its purpose was, the record simply reflects that two different orders of adjudication were entered, the second being entered after the notice of appeal was filed.