SAWAYA, J.
T.P., the mother of minor children N.P., D.P., and A.P., appeals the final order of disposition following an adjudication of dependency. She also challenges the original order of adjudication of dependency. Of the issues T.P. raises, only two merit discussion: (1) whether the evidence adduced at the adjudicatory hearing is sufficient to support a finding that T.P. abused, neglected, or abandoned the children; and (2) whether the order of adjudication fails *679 to set forth a factual basis to support the finding of dependency.[1]
T.P. has a lengthy history with the Department of Children and Families (DCF). It is not necessary to chronicle that history here in order to resolve the issues we address. Therefore, we will proceed to discuss the evidence presented in the present case regarding the alleged incidents of abuse, which T.P. justifies by contending that she was imposing routine discipline on her children.
The three children testified and recounted how and when they were disciplined by T.P. The youngest child, A.P., who was twelve years old at the time, testified that T.P. had disciplined him by hitting the back of his hand approximately thirty-five times with a hair brush. T.P. was driving at the time of the incident, and A.P. was riding in the back seat of the car. T.P. continued trying to strike A.P. while she was driving even after A.P. refused to continue holding out his hand for her to hit. At one point, T.P. stopped the car so that she could continue inflicting punishment. The incident left bruises on A.P.’s knuckles. A.P. went on to describe another episode when his mother punished his oldest brother, N.P., who was sixteen, in a similar manner by striking the boy on the back of his hand several times with a spatula, leaving bruises.
A.P. remembered a time when he and his brothers opened the car doors to jump out while their mother was driving; T.P. refused to stop the vehicle and continued driving with the car doors open. On other occasions, T.P. would stop the car to lecture the boys or to make them perform exercises on the side of the highway as a form of punishment. N.P. testified that this type of punishment was hardest on A.P., who would try to complete all of the exercises, usually jumping jacks, that T.P. ordered him to perform. During one particular episode, T.P. ordered A.P. to do three hundred jumping jacks in a row on the side of the highway.
D.P., who was fifteen at the time, testified that his mother would spank him with a wooden stick. This was confirmed by N.P., who explained that T.P. would spank him and his brothers with a large wooden piece of a chair. N.P. further recounted that T.P. sometimes called him names and frequently told him he was going to hell for being bad. N.P. was greatly disturbed by these actions and by T.P.’s other behavior, which, he stated, caused him to be depressed and suicidal.
The trial court considered this testimony along with all of the other evidence presented at the adjudicatory hearing and entered an order of adjudication, which adjudicated the children dependent as to T.P. and specified that the children were to remain in the custody of their father, under the supervision of DCF. The trial court subsequently entered the order of disposition, and T.P. appealed.
The focus of the first issue is the sufficiency of the evidence presented at the adjudicatory hearing to support a finding that T.P. abused, neglected, or abandoned the children. We note at the outset that a trial court’s determination that a child is dependent is a mixed question of law and fact. In re M.F., 770 So.2d 1189, 1192 (Fla.2000) (citing Banks v. State, 732 So.2d 1065, 1067 (Fla.1999)); M.N. v. Dep't of Children & Families, 826 So.2d 445 *680 (Fla. 5th DCA 2002). An adjudication of dependency should be affirmed on appeal “if the trial court applied the correct law and the record shows that the decision is supported by competent substantial evidence.” M.N., 826 So.2d at 447.
T.P. submits her defense through the prism of parental rights, claiming that it is her right to discipline her children as she sees fit. At common law, a single principle has governed the use of corporal punishment by parents as a method of disciplining their children: parents may impose reasonable but not excessive corporal punishment. See A.A. v. Dep’t of Children & Families, 908 So.2d 585 (Fla. 5th DCA 2005). As we explained in A.A., the common law principle of reasonable corporal punishment has been incorporated into Chapter 39 of the Florida Statutes. Specifically, section 39.01(2), Florida Statutes (2005), provides, “Corporal discipline of a child by a parent or legal custodian for disciplinary purposes does not in itself constitute abuse when it does not result in harm to the child.” Hence, the line of demarcation between reasonable and unreasonable corporal punishment is whether the parent caused harm to the child. We must therefore determine whether the children were harmed by the alleged corporal discipline administered by T.P. A.A, 908 So.2d at 587.
“Harm” sufficient to constitute abuse can occur when a person inflicts physical, mental, or emotional injury upon a child, and includes excessively harsh or inappropriate disciplinary action that is likely to cause physical, mental, or emotional injury. § 39.01(30)(a), Fla. Stat. (2005). For example, corporal discipline may be considered excessive or abusive when it results in significant bruises or welts. § 39.01(30)(a)4., Fla. Stat. (2005).
In the present case, we believe that there is substantial competent evidence presented by DCF that T.P. harmed her children. The testimony of the children at the adjudicatory hearing, discussed earlier, showed a pattern of conduct by T.P. in using excessive and inappropriate methods of punishment to discipline her children. Many of these methods are reasonably characterized as being harmful, or likely to cause harm, to the children. Although T.P. may have actually thought that her peculiar methods were proper and that she had a right to punish the children in any manner of her choosing, had she been able to look past her rather unenlightened view of parental prerogatives, she would have realized the harm she inflicted on her children.
In her second issue, T.P. claims the order of adjudication was deficient for failing to contain a factual basis for the adjudication of dependency. T.P. further argues the trial court failed to state a sufficient factual basis for its finding of dependency at the adjudicatory hearing. Parenthetically, we note that an adjudication of dependency under Chapter 39, Florida Statutes, “may be challenged on appeal either from the order of adjudication or from the subsequent final disposition order.” M.E.G. v. Dep’t of Children & Families, 754 So.2d 879, 880 (Fla. 5th DCA 2000) (citing A.G. v. Dep’t of Children & Family Servs., 731 So.2d 1260 (Fla.1999)); see also G.L.S. v. Dep’t of Children & Families, 724 So.2d 1181, 1185-86 (Fla.1998) (holding that the initial adjudication order should be treated as a partial final judgment). Thus, T.P. is permitted to challenge the initial order of adjudication in this appeal from the final order of disposition.
In the order of adjudication, the trial court is required to set out the facts on which its finding of dependency is based. § 39.507(6), Fla. Stat. (2005); Fla. R. Juv. P. 8.330(g). This court has consistently *681 held that failure to comply with this directive will result in the order being vacated and the case remanded for entry of a proper order or for a new hearing. See, T.M. v. Dep’t of Children & Families, 813 So.2d 200 (Fla. 5th DCA 2002); J.C.G. v. Dep’t of Children & Families, 780 So.2d 965 (Fla. 5th DCA 2001) (holding that although there was sufficient evidence to support a finding of dependency, failure to include sufficient facts in the order to support the adjudication of dependency required that the matter be remanded with instructions to the trial court to provide such findings); L.B. v. Dep’t of Children & Families, 766 So.2d 1259 (Fla. 5th DCA 2000).
Here, the trial court made the requisite factual findings both at the adjudicatory hearing and in the written order of adjudication. At the hearing, the court found that DCF had met its burden of proof and established dependency. The court followed this conclusion with detailed factual findings that spanned more than seven pages of the hearing transcript. The court went through each allegation contained in the dependency petition and explained how the evidence and testimony presented ’at the hearing proved the allegations in the petition. The written order of adjudication also contained specific findings of fact to support the adjudication of dependency. T.P. contends, citing to R.P. v. Department of Children & Families, 945 So.2d 612 (Fla. 4th DCA 2006), that these factual findings are insufficient because the written order merely recites the allegations contained in the dependency petition. While some of the findings in the order of adjudication are similar to the allegations in the dependency petition, they do not merely restate the allegations, verbatim, as findings of fact. We also observe that the findings of fact in this case were drawn directly from the evidence presented at the hearing. Thus, unlike R.P., where the court noted that many of the findings were unrelated to the evidence presented, the findings here were directly related to the evidence introduced at the hearing.
We conclude that T.P. is not entitled to relief from the order of adjudication based on her assertion that the trial court failed to state a factual basis to support its finding of dependency. We also conclude that the trial court’s finding of dependency is supported by competent substantial evidence. We therefore affirm the order under review. However, we note an inconsistency that the trial court needs to clarify. Although the order of disposition specifies that T.P. is to have unsupervised visitation, the order adopts and incorporates the case plan, which indicates that T.P. is to have supervised visits. Therefore, we remand this case to the trial court to clarify whether T.P. is to have supervised or unsupervised visitation. .
AFFIRMED and REMANDED.
PLEUS, C.J. and THOMPSON, J., concur.

. The other issues are whether the order of adjudication and the order of disposition are deficient as a matter of law, and whether the trial court erred by not returning this case to the domestic relations court. We note that the former is nothing more than an iteration of the issue of whether DCF presented sufficient evidence to support the adjudication of dependency. We affirm as to these issues without further comment.