857 So.2d 1000 (2003)
N.S., Parent of M.M., I.S., N.S., Etc., et al., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
Nos. 5D02-1571, 5D02-1609, 5D02-2247.
District Court of Appeal of Florida, Fifth District.
October 31, 2003.
Rebecca L. O'Neill, of Jonathan P. Culver, P.A., for Appellant, N.S.
Douglas L. Kirkland, Ocala, for Appellant, K.S.
Ralph J. McMurphy, Department of Children and Families, Wildwood, for Appellee.
THOMPSON, J.
N.S., the father, and K.S. ("the mother") appeal the order adjudicating their children, I.S., N.J.S., and A.S. (collectively "the younger children"), dependent and granting the maternal grandparents "party" status. Separately, N.S. contends that the trial court erred when it ordered him to complete a batterer's intervention program. We reverse the part of the order adjudicating the younger children dependent, but affirm in all other respects.
N.S. and the mother have three children together, I.S., N.J.S., and A.S. The mother also has a child, M.M., who is not the child of N.S. The amended petition for dependency[1] alleged that M.M. said that marks observed on his arm were caused when the mother squeezed his arm. The petition also alleged that M.M. stated that his stepfather, N.S., did not like him and that N.S. and his mother whipped him with belts. He also stated that N.S. had beaten him with a shoe. The petition alleged that the allegations concerning M.M. placed the *1001 younger children at risk. There were no allegations in the petition that the parents had abused or neglected any of the younger children, nor were there allegations that the children might be abused in the future.[2]
At the dependency hearing, the guardian ad litem admitted that she had only spoken with the parents once for about twenty or thirty minutes, and she admitted that the younger children were removed solely based on the allegations concerning M.M. A protective investigator testified that the recommendation had been to shelter all of the children although no child protective team member had seen the younger children. A former department employee testified that she had worked with the family, and that although she felt that N.S. was stricter than most parents and could use parenting classes, N.S. would not hurt a child. Witnesses testified that M.M. had been a troubled child since he was three years old.[3] Although witnesses testified about M.M.'s bruises, his behavioral problems, and his chronic absenteeism from school, there was no testimony that the younger children had been abused or neglected.
We agree that adjudicating the younger children dependent was an abuse of discretion. The only reason given by the trial court for adjudicating the younger children dependent was the testimony concerning abuse or neglect of M.M. The adjudication order states in part:
From the parents' failures and apparent disinclinations to respond to the apparent mental health and bonding needs of [M.M.] and [A.G.],[4] the conclusion from the greater weight of the evidence is that [I.S.], [N.J.S.], and [A.S.] are in danger of harm, abuse, or neglect as well.
Without more, abuse or neglect of a child is an insufficient basis upon which to adjudicate the child's siblings dependent. In re M.F., 770 So.2d 1189, 1194 (Fla. 2000); see also M.N. v. Department of Children and Families, 826 So.2d 445 (Fla. 5th DCA 2002) (holding that evidence that father had physically abused his stepchild did not support a finding that his natural child was dependent). This court has held that in order to adjudicate a child dependent based upon the treatment of a sibling, there must be evidence "that establishes a nexus between the prior abuse and the allegation of prospective abuse." M.N., 826 So.2d at 448.
In the instant case, the court made no findings that drew a connection between the treatment of M.M. and the probable treatment of the younger children in the *1002 future. Indeed, the department offered no evidence to support a conclusion that the younger children were at risk. Here, because there was no showing that the abuse or neglect of M.M. predicted abusive or neglectful behavior toward the younger children, the order finding them at risk of abuse or neglect was not supported by competent, substantial evidence and must be reversed.
The mother and N.S. also contend that the trial court erred when it granted the maternal grandparents "party" status. The trial court ruled that the maternal grandparents were "participants" and allowed them to participate, but did not grant them "party" status. Because the grandparents were the legal guardians and actual custodians of M.M. and the younger children, they were "participants" in the proceedings pursuant to section 39.01(50), Florida Statutes (2001).[5] Under that section, a participant may be granted leave by the court to be heard without filing a motion to intervene. See also Rule 8.210(b), Fla. R. Juv. P. (2001).
Finally, we conclude that the father has waived the issue of his being required to complete a batterer's intervention program. The court invited objections before accepting the case plan, and N.S. made none.[6]
The order on appeal is affirmed except the part adjudicating I.S., N.J.S., and A.S. dependent, which is reversed.
AFFIRMED in part; REVERSED in part.
SAWAYA, C.J., and HARRIS, C., Senior Judge, concur.
NOTES
[1] Section 39.01(14)(f), Florida Statutes, defines a dependent child in part as one found "to be at substantial risk of imminent abuse, abandonment or neglect by the parent or parents or legal custodians."
[2] The language in the amended petition is not a model of clarity. The language reads: "The natural [parents], although able, [have] neglected or abused the children, and by [their] actions [have] inflicted or created the risk of significant mental, physical or emotional injury to the children ..."
[3] In another case involving this family, M.M. was removed based on allegations of sexual molestation, mental injury, and inadequate supervision. This court reversed the disposition order based on numerous procedural errors and the lack of a dependency finding and remanded the case to the trial court to comply with the rules of juvenile procedure. See K.S. v. Department of Children and Families, 760 So.2d 1068 (Fla. 5th DCA 2000).
[4] A.G. is not related to the parties in this case. A.G. is the daughter of N.S.'s former girlfriend and was living with N.S. before his marriage to the mother. A.G. alleged that she had been sexually abused by her mother's uncle and her mother's boyfriend and asked to live with N.S. The department placed A.G. with N.S. and helped him collect child support for the child. According to N.S., he surrendered A.G. because she killed a cat and because the department was beginning to "hassle" him about the child. A.G. was not involved in this case.
[5] Section 39.01(50), Florida Statutes, reads in part:

Participant, for purposes of a shelter proceeding, dependency proceeding, or termination of parental rights proceeding, means any person who is not a party but who should receive notice of hearings involving the child, including foster parents or the legal custodian of the child, identified prospective parents, grandparents entitled to priority for adoption consideration...., actual custodians of the child, and any other person whose participation may be in the best interest of the child.
(emphasis added).
[6] Because the order adjudicating the younger children dependent is reversed, the case plan will be effective only for M.M.