886 So.2d 329 (2004)
R.M., Father of R.M., Jr., A Child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D03-3855.
District Court of Appeal of Florida, Fifth District.
November 12, 2004.
*330 Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
Charles D. Peters, Department of Children and Families, Orlando, for Appellee.
THOMPSON, J.
R.M. appeals the adjudication of dependency of his son, R.M., Jr. We affirm.
The dependency petition was filed in July 2003, after the father smashed the window of a car and injured the mother and father's seven-month-old daughter. The shattered glass flew onto the mother, who was holding the daughter, and into the daughter's eye. The daughter was adjudicated dependent in a separate proceeding. In the order adjudicating R.M., Jr., dependent, the court found that, with reckless disregard for the safety of the mother and the daughter, the father "swung a stick and smashed the car window immediately adjacent to where the mother ... [and daughter] were sitting...." The court also found that on another occasion, in February, 2002, the father threatened the mother with a gun. Additionally, the court found that in February 2001, when the mother was pregnant with the daughter, the parents engaged in a physical confrontation and that out of concern for the fetus, the mother went to the emergency room of a hospital where a police officer noted that she had a swollen lip.
Under chapter 39, a dependent child is one who has been abandoned, abused, or neglected by the child's parent or parents or legal custodians. § 39.01(14)(a), Fla. Stat. (2002). A dependent *331 child is also one who is "at substantial risk of imminent abuse, abandonment, or neglect by the parent or parents or legal custodians." § 39.01(14)(f), Fla. Stat. (2002). "`Abuse' means any willful act or threatened act that results in any physical, mental, or sexual injury or harm that causes or is likely to cause the child's physical, mental, or emotional health to be significantly impaired." § 39.01(2), Fla. Stat. (2002). "Harm" to a child's health or welfare can occur when any person inflicts or allows to be inflicted upon the child physical, mental, or emotional injury. Such injury includes willful acts that produce cuts and lacerations. § 39.01(30)(a)1.h., Fla. Stat. (2002). The term "willful" refers to the intent to perform an action, not to the intent to achieve a result or to cause an injury. § 39.01(30)(a), Fla. Stat. (2002).
The father argues that the Department of Children and Family Services ("the department") did not prove that R.M., Jr., was dependent because there was no showing that he was "at substantial risk of imminent abuse." In a dependency proceeding, the department must establish its allegations by a preponderance of the evidence. In re M.F., 770 So.2d 1189, 1192 (Fla.2000). A court's final ruling of dependency is a mixed question of law and fact and will be sustained on review if the court applied the correct law, and its ruling is supported by competent, substantial evidence in the record. Id. Competent, substantial evidence is tantamount to legally sufficient evidence. Id.
The father cites M.N. v. Department of Children and Families, 826 So.2d 445 (Fla. 5th DCA 2002), in which we held that the abuse of a child unrelated to the father was an insufficient showing that the child's sibling, the natural child of the father, was dependent. This court pointed out that an incident of abuse of one child is insufficient by itself to establish a substantial risk of imminent abuse to another child. Id. at 447-48 (citing In re M.F., 770 So.2d 1189 (Fla.2000)). We explained that in M.F., the supreme court eschewed a per se rule that would allow a finding of dependency based solely on a father's conviction for sexual battery on one child and instead adopted the more flexible approach established in a line of decisions from this court, which requires additional proof of risk to the current child. Id. at 448 (citing M.F., 770 So.2d at 1193 n. 12, 1194).
We held in M.N., and in cases cited in M.N., that there had to be a nexus between the abuse of one sibling and the allegation that another sibling will be abused. Id. at 447-48. In other words, there must be a showing that the circumstances surrounding an act of abuse on one child is predictive of a similar act on the other child. See N.S. v. Dep't. of Children & Families, 857 So.2d 1000 (Fla. 5th DCA 2003) (reversing dependency order where there was no showing that the abuse or neglect of one "troubled" child predicted abusive or neglectful behavior toward the younger children). Although the commission of an act of abuse on one child may be highly relevant, it is not automatically dispositive of the issue of dependency. M.F., 770 So.2d at 1194. A court instead should focus on all the circumstances surrounding the petition in each case. Id.
In M.N., the father and mother lived with their child and the mother's child by a different man. The mother consented to her child's being adjudicated dependent and at issue was whether the child of both parents was dependent. The father admitted striking the mother's child on the buttocks out of frustration, but denied causing him to fall down the steps. Id. at 446. There was no evidence of any other abuse to the mother's child and there was no evidence of abuse to the child in issue. *332 Although the father's intellectual ability was below average, there was no evidence that he had a mental illness, and his intellectual ability did not make abuse of another child highly probable. Id. at 448. We held that the record did not contain competent, substantial evidence establishing a substantial risk of imminent abuse of the father's own child based on the prior abuse of the mother's child.
Similarly, in D.H. v. Department of Children and Families, 769 So.2d 424 (Fla. 4th DCA 2000), the father challenged an order declaring his small daughter dependent based upon one instance of physical abuse of the daughter's half-sister. There was no allegation of abuse against the daughter. Citing Fetters v. Department of Health and Rehabilitative Services, 589 So.2d 959, 959 (Fla. 5th DCA 1991), the court held that the evidence was legally insufficient to declare a father's natural child dependent where he physically abused his step-child and had emotional and psychological problems, but where there was no evidence that he had abused his natural child. Furthermore, the court pointed out that there was no evidence that the father was prone to violent behavior or that he had an emotional or mental condition that indicated a probability that he would direct abuse at his natural child.
The instant case differs substantially from the above cases. First and foremost, the father is prone to violent behavior. The mother admitted that in the four years of their relationship, she had reported the father to the police six times. Although she testified that these reports did not involve domestic violence, the court did not believe her attempts to exonerate the father and found that the father threatened her with a gun on one occasion and attacked her on another occasion despite the fact that she was pregnant. Second, the suggestion in the above cases is that although a person might be willing to abuse a step-child, the person would probably act with more restraint when dealing with a natural child. In the instant case, however, both children are the father's issue, so there can be no expectation that the father would be more restrained when in the of R.M., Jr.'s company. Indeed, the daughter was not the subject of the attack by the father. The father had been targeting the mother and/or her male friend on the most recent occasion, and the mother was his target in the past. The daughter was victimized only because she was with the mother. It is reasonable to assume that these young children will be with the mother most of the time in the coming years, and given the mother's willingness to put herself in harm's way and the father's propensity for violence no matter who is present, we conclude that the trial court correctly applied the law in declaring R.M., Jr. dependent, and that the ruling was supported by competent, substantial evidence.
AFFIRMED.
MONACO and TORPY, JJ., concur.