942 So.2d 977 (2006)
M.L., the Mother, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES and Guardian Ad Litem Program, Appellees.
No. 4D06-2136.
District Court of Appeal of Florida, Fourth District.
November 29, 2006.
Roger Ally of the Law Offices of Roger Ally, P.A., Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeffrey Bassett, Assistant Attorney General, Fort Lauderdale, for appellee Department of Children and Families.
Patricia M. Propheter, Orlando, for appellee Guardian ad Litem Program.
PER CURIAM.
M.L., the Mother, appeals the trial court's order sheltering her son, C.G., with his paternal grandmother. We reverse the order appealed because the Department of Children & Families ("DCF") failed to establish that probable cause existed to believe that C.G. had been, or was in imminent danger of being, abused, neglected, or abandoned.
The sheltering of C.G. derived from M.L.'s delivery of a "substance exposed" child, C.G.'s sister, on April 24, 2006,[1] and M.L.'s subsequent incarceration for drug possession. Consequently, DCF took nine-year-old C.G. into custody and filed a shelter petition. The petition alleged that removal of C.G. from the home was necessary *979 as there was probable cause to believe that he had "been abused, abandoned, or neglected or [was] in imminent danger of illness or injury as a result of abuse, abandonment, or neglect" and that C.G. "could not safely remain in the home" as there were no preventive services to ensure his safety. DCF acknowledged at the shelter hearing that C.G. was not living in the home with the mother, but had been living with his grandmother since his birth in 1996. Nonetheless, DCF argued that a shelter order making the grandmother C.G.'s "legal custodian" was needed to ensure that the mother could not remove C.G. from the grandmother's home without a court order. The trial court agreed and granted DCF's shelter petition.
Section 39.402, Florida Statutes, states
(1) . . . [A] child taken into custody shall not be placed in a shelter prior to a court hearing unless there is probable cause to believe that:
(a) The child has been abused, neglected, or abandoned, or is suffering from or is in imminent danger of illness or injury as a result of abuse, neglect, or abandonment; [and]
. . . .
(2) A child taken into custody may be placed or continued in a shelter only if one or more of the criteria in subsection (1) applies and the court has made a specific finding of fact regarding the necessity for removal of the child from the home and has made a determination that the provision of appropriate and available services will not eliminate the need for placement.
39.402(1)(a), (2), Fla. Stat. Neither the allegations contained in DCF's petition nor those made at the hearing establish probable cause to believe C.G. had been abused, neglected, or abandoned. In fact, both DCF and the trial court agreed that C.G. was being well taken care of by the grandmother, and DCF had a positive home study and clear background check on her.
We also specifically reject DCF's assertion that C.G. was in imminent danger of being abused. "`Abuse' means any willful act or threatened act that results in any physical, mental, or sexual injury or harm that causes or is likely to cause the child's physical, mental, or emotional health to be significantly impaired." 39.01(2), Fla. Stat. Exposing a child to a controlled substance constitutes "harm" only when a mother's use of a controlled substance during her pregnancy demonstrably adversely affects the child or when a parent's "[c]ontinued chronic and severe use of a controlled substance" demonstrably adversely affects the child. 39.01(30)(g), Fla. Stat. (2005). Although M.L.'s daughter tested positive for drugs at birth as a result of M.L.'s drug use, there is no evidence that her drug use adversely affected the older child, C.G., and the positive drug test is insufficient to establish that C.G. is at imminent risk of being harmed. See J.B., III v. Dep't of Children & Families, 928 So.2d 392, 395 (Fla. 1st DCA 2006) ("If there is no nexus between the parent's alleged behavior and the likelihood a child will suffer abuse and neglect, then a finding that abuse or neglect is `impending' or `about to occur' cannot be upheld."); R.M. v. Dep't of Children & Families, 886 So.2d 329, 331 (Fla. 5th DCA 2004) (stating a nexus exists when "the circumstances surrounding an act of abuse on one child is predictive of a similar act on the other child.").
Accordingly, the order sheltering C.G. is REVERSED.
STEVENSON, C.J., WARNER and TAYLOR, JJ., concur.
NOTES
[1] Both mother and child tested positive for cocaine and marijuana.